**COWDEN v. WALLACE et ux. (No. 7970.)**

Court of Civil Appeals of Texas. San Antonio.
March 28, 1928.

1. **Appeal and error ⟶77(2)—Probate court's decision perpetuating temporary guardian's appointment without making affirmative disposition of contestants' application held final judgment supporting appeal to district court.**

In proceeding for appointment of guardian, probate court's decision perpetuating appointment of temporary guardian without making affirmative disposition of contestants' application *held,* sufficient as final judgment to support appeal by contestant to district court, since, in perpetuating appointment of temporary guardian, contestants' application was necessarily denied by implication.

2. **Guardian and ward ⟶13(8)—On appeal from probate court's decision perpetuating appointment of temporary guardian, district court may consider contestants' application for appointment (Rev. St. 1925, art. 4327).**

On appeal from order perpetuating appointment of temporary guardian, in which no affirmative disposition was made of contestants' claims, district court was authorized to consider contestants' application for appointment, since under Rev. St. 1925, art. 4327, appeal carried whole case into district court for trial de novo.

3. **Guardian and ward ⟶13(8)—Jury's verdict as to relative suitability of parties seeking appointment as guardian is conclusive where evidence was sufficient to raise such issue.**

In proceeding for appointment of guardian in which evidence raised issue of relative suitability of respective parties seeking appointment jury's verdict will not be set aside.

Appeal from District Court, Uvalde County; L. J. Brucks, Judge.

Appointment of Mrs. Mary Jane Cowden as temporary guardian of James T. Cowden, Jr., was contested by R. F. Wallace and wife. Mrs. Cowden's appointment was made permanent in probate court and contestants appealed to the district court. From an adverse judgment Mrs. Cowden appeals. Affirmed.

G. B. Fenley, of Uvalde, for appellant.
Atlas Jones, of Uvalde, for appellees.

SMITH, J. In the disastrous storm which visited the town of Rock Springs, Edwards county, on April 12, 1927, James T. Cowden and wife, Hattie, lost their lives. They were survived by their respective parents, and an only child, James T. Cowden, Jr., then less than two years of age. The paternal grandparents, Mary Jane Cowden and husband, reside in Kerr county; the maternal grandparents, R. F. Wallace and wife, Belle, reside in Edwards county. Shortly after the death of the child's parents, its grandmother Mary Jane Cowden was duly appointed temporary guardian of the person of the child, in the probate court of Edwards county. In due course, the child's maternal grandparents, the Wallaces, filed a contest of the appointment of Mrs. Cowden, and prayed that they, instead of Mrs. Cowden, be appointed joint guardians of the minor, and that the grandfather, R. F. Wallace, be appointed, in Mrs. Cowden's stead, as guardian of the minor's estate. The contest was tried in the probate court, and the appointment of Mrs. Cowden was made permanent. The Wallaces appealed from this order to the district court of Edwards county, but, by agreement of the parties, the case on appeal was transferred to Uvalde county, and there tried with a jury. From an adverse judgment, based on the jury's verdict, Mrs. Cowden has appealed.

[1] In finally disposing of the contest in the probate court it was simply provided in the decree that the appointment of Mary Jane Cowden as temporary guardian of the minor be made permanent. No affirmative disposition was made of the application of the Wallaces to be substituted as such guardians in the place of Mrs. Cowden. Appellant contends that because of this omission from the decree, the order which merely perpetuated the appointment of appellant was not a final judgment such as would support an appeal. We are of the opinion, however, that the judgment was sufficient for this purpose, for in perpetuating appellant's appointment the application of appellees to be appointed *to the position in controversy was necessa* rily denied by implication. It was a contest between the two parties as to which of those parties should be appointed guardian, the decision in favor of one amounted to a denial of the application of the other, and the resulting order appointing the one was, in ef-- fect, an order overruling the application of the other for the same appointment.

[2] So, an appeal from that order carried the whole case into the district court, in which the statute provides for a trial de novo. Article 4327 (Rev. St. 1925). Appellant contends that because the appeal was simply from an order perpetuating her appointment as guardian, the district court was limited to a consideration of that one question, and could not go further and consider appellees' application for appointment in lieu of appellant. We overrule this contention. For the effect of the appeal was to bring the whole case, with its subject-matter and all the parties concerned in the county court proceedings into the district court.

"The jurisdiction thus acquired by that court was as broad and comprehensive as to the entire proceedings as that originally vested in the county court, and any person interested in the estate has the right to intervene in a probate proceeding after an appeal from the county to the district court; and, in the trial de novo

in the district court, that tribunal may do all that the county court could have done in the matter." Pipkin v. Turner (Tex. Civ. App.) 277 S. W. 221.

[3] Appellant complains that the evidence in the district court did not warrant the judgment setting aside her appointment. We conclude, however, that this complaint is not sustained by the record, for the evidence raised the issue of the relative suitability of the respective parties seeking the appointment as guardians. This issue was submitted to the jury, who found in favor of appellees, and we have no warrant to set aside that finding.

The judgment is affirmed.