## PRUETT v. HAMILTON.

### No. 10139.

Court of Civil Appeals of Texas. Austin.
April 29, 1953.

Victor Gleckler, R. C. Wilson, Austin, for appellant.

Taylor, Chandler & Taylor, by Kerns B. Taylor, Austin, Carl C. Hardin, Jr., Austin, for apellee.

GRAY, Justice.

This is a suit brought by appellant against appellee for a temporary injunction restraining appellee from continuing to stay in or about the premises occupied by appellant and her husband as their home.

Upon a hearing the court denied all relief to appellant and rendered a judgment that appellant take nothing by her suit.

The trial was had on plaintiff's petition filed November 15, 1952, on which date appellant secured an order of the court granting her leave to sue without the joinder of her husband.

Appellee individually and "as guardian of the person and estate of Martin G. Pruett" answered by general and special denials. She specially denied:

"That defendant has wrongfully failed to remove from plaintiff's home after being notified to do so as alleged in paragraph 13 of plaintiff's petition or that such conduct is a trespass of a continuing character against plaintiff, entitling her to injunctive relief. In this connection, defendant would show that the defendant entered upon property jointly belonging to the plaintiff and Martin G. Pruett, pursuant to Court order and acting as guardian of the estate and person of Martin G. Pruett and that defendant has legal right to be on said property, to care for Martin G. Pruett's needs and to conduct his business affairs. Defendant would further show that she has not attempted in any way to manage the affairs of Mary A. Pruett, except

in so far as they necessarily affect the business affairs of Martin G. Pruett, plaintiff's husband. Defendant would further show that she has not attempted to restrain the liberty or legal rights of the plaintiff, Mary A. Pruett, other than to suggest or advise her in a manner as would normally be expected from a relationship between a daughter and a mother."

No exhibits were attached to the petition and none were introduced in evidence.

The statement of facts before us consists only of the testimony of appellant. Her testimony shows that at the time of the trial and for sometime prior thereto the house in question was occupied by appellant and her husband of more than 67 years, Martin G. Pruett, as their home. She testified that appellee interfered with her peaceful enjoyment of the home; that she did not want her there and had told her to leave. Further she detailed instances of conduct and behavior on the part of appellee that she said was annoying to her and complained that:

" * * * It worries me. I don't get to sleep half enough of the night. I don't lie down to sleep but what something is said, and I am getting tired of it, too. Every time I walk and don't get back they always kick about it, too. Wouldn't fix me nothing to eat and I am getting tired of it, too, and I ain't going to live with it.

"Q. Before your daughter, Mrs. Hamilton, came there, were you having any trouble out there? A. I never had a bit of trouble, not a thing in the world. I just went on and tended to my business and done what I pleased and wasn't nothing said about it."

There is no dispute in the evidence that appellee at the time of the trial was, and prior thereto had, physically and actually occupied the home of appellant. There is no evidence that such occupation was by invitation of appellant or her husband, or that it was by authority of any court order.

The record before us shows that appellee had refused to leave the home of appellant and that her occupancy thereof was with intent to remain there.

We think the evidence shows that appellant's right of the free enjoyment of her home has been violated; that she has shown the existence of a probable right, and an existing danger to that right entitling her to injunctive relief.

The judgment of the trial court is reversed and this cause is remanded with instructions that upon the filing by appellant of a good and sufficient bond in the sum of $500 with sureties, conditioned as the law requires and subject to approval of the clerk of the court below that a temporary injunction be issued restraining appellee from occupying the home of appellant pending a final hearing of this cause.

Reversed and remanded with instructions.