## PRUETT et al. v. HAMILTON.
### No. 10138.

Court of Civil Appeals of Texas.
Austin.

June 3, 1953.

Rehearing Denied July 8, 1953.

. Victor Gleckler and R. C. Wilson, both of Austin, for appellants.

Taylor, Chandler & Taylor by Kerns B. Taylor, and Carl C. Harding, Jr., Austin, for appellee.

GRAY, Justice.

Appellee, Roxie Pruett Hamilton, and others, filed their application in the county court of Travis County (Cause No. 15,309) seeking to have Martin G. Pruett adjudged to be a person of unsound mind and to have a guardian of his person and estate appointed. This application was contested by Mary Pruett, wife of Martin G. Pruett, individually and as next friend for him. Upon a trial Martin G. Pruett was adjudged to be a person of unsound mind and appellee was appointed, and qualified, as guardian of his person and estate. In due time an appeal was taken from this judgment to the 126th district court of Travis County.

John Pruett and Opal Calhoun, appellants here, were not named parties to Cause No. 15,309.

While the appeal was pending in the 126th district court the guardian, appellee, made application to the 98th district court of Travis County for injunctive relief enjoining appellants from interfering with her in carrying out her duties as guardian as aforesaid. Upon a hearing of this application the 98th district court enjoined appellants from interfering with the guardian in the performance of her duties as such "until the further orders of this court, or until the letters of guardianship issued to plaintiff by the county court of Travis County, in Cause No. 15,309, shall have been revoked or said guardian shall have been removed by said court or other court having jurisdiction of such matter."

Thereafter appellants filed their motion to dissolve the injunction. Upon a hearing

their motion was denied and they have appealed to this Court.

Appellee has presented and urges her amended motion to dismiss this appeal. She shows that since the appeal in Cause No. 15,309 was perfected to the 126th district court a trial has been had in that court and a judgment rendered, and says that the questions here presented have become moot. Appellants show that an appeal has been duly perfected from the judgment of the 126th district court to this Court.

■ Appellee prays that the *appeal* be dismissed but objects to the *cause* being dismissed. If appellee is correct in saying that all questions presented by this appeal are moot then the only proper order to be entered is one dismissing the cause and not merely the appeal. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863.

Except for the supersedeas later noticed, the letters of guardianship have not been revoked and said guardian has not been removed.

Appellee's motion to dismiss the appeal is overruled.

The statement of facts before us consists of appellant's Exhibit 1, the same being a photostat of a writ of supersedeas issued by the county clerk of Travis County on October 17, 1952. Except for the formal parts this writ reads:

"Whereas, on the 5th day of September, A.D. 1952, in Cause No. 15,309 entitled In re: Martin G. Pruett and Mary Pruett in the County Court of Travis County, judgment was rendered in said Court appointing Roxie Pruett Hamilton guardian of the person and estate of Martin G. Pruett and the Clerk of said Court did, on the 5th day of September, A.D. 1952, at the request of said Guardian issue Letters of Guardianship, which Letters of Guardianship is now in the hands of Roxie Pruett Hamilton of Travis County, Texas.

"And Whereas, since the issuance of said Letters of Guardianship on, to-wit, the 5th day of September, A.D. 1952, the Contestant, Martin G. Pruett in said Cause No. 15,309, filed in this Court a Supersedeas bond in said cause.

"Therefore, you are hereby commanded that you require the said Roxie Pruett Hamilton of said County aforesaid, to suspend all further proceedings under the aforesaid Letters until said cause as finally determined by the 126th District Court of Travis County, Texas, to which the same has been appealed, and that she return the same forthwith."

This writ was served on appellee on the same day it was issued. The temporary injunction was granted September 18, 1952, the motion to dissolve was filed November 3, 1952, and heard December 3, 1952. The order overruling the motion was entered December 23, 1952.

Appellee says that it is not shown that the judgment of the county court granting letters of guardianship to appellee was superseded because there is no showing that a bond fixed by the trial court was filed as is required by Rule 339, Texas Rules of Civil Procedure.

■ The issuance of the writ of supersedeas by the county clerk was a duty within the scope of authority of that office. The writ was issued, and the existence of facts necessary to authorize its issuance will be presumed unless the contrary is shown. 17 Tex.Jur. § 76, p. 277. It therefore must be presumed that facts existed which made the action of the county clerk legal. Farm & Home Savings & Loan Ass'n v. Muhl, Tex.Civ.App., 37 S.W.2d 316, 321, error ref. In the absence of proof to the contrary, the burden of which proof was on appellee, it must be presumed that the writ was properly issued. 34 Tex.Jur. § 81, p. 462.

■ At the time the motion to dissolve the injunction was filed and at the time it was heard the judgment appointing appellee guardian was suspended. Rule 368, Texas Rules of Civil Procedure. Douglas v. Stover, Tex.Civ.App., 268 S.W. 1039.

In speaking of the effect of an appeal with supersedeas under Art. 1404, Rev.St. 1895, the provisions of which statute was

918

substantially the same as present Rule 364 (a), Texas Rules of Civil Procedure, in Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 330, the Court said:

"This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal. It only needs to be said that the law applies to this case, and the enforcement of the order appointing the receiver was suspended by the appeal."

In the case before us the enforcement of the order appointing the guardian was suspended. Douglas v. Stover, supra.

The statement of facts before us bears the certificate of the trial judge which reads: "The above and foregoing this day examined, approved and ordered filed as the Statement of Facts in said cause."

We think the recitals in the trial court's judgment that: "* * * the circumstances still exist upon which this Court issued its order of September 18th, 1952; * * *" as well as other recitals therein cannot be sustained.

It was not pleaded and is not argued that it was necessary to continue the injunction in force to protect the jurisdiction of the 126th district court, and, needless to say, the record does not disclose that appellants were committing or were about to commit any act in violation of appellee's rights, or with reference to the subject matter of the litigation which would render a judgment ineffective. Under this state of the record the judgment of the court could not be continued in effect pending the appeal by the temporary injunction. Yett v. Cook, 115 Tex. 175, 268 S.W. 715, 718, 281 S.W. 843; 3-A Tex.Jur. § 361, p. 444.

It is our opinion that the temporary injunction should have been dissolved, and that the trial court erred in not so doing.

The judgment is reversed and the injunction is dissolved.

Reversed and rendered.

Injunction dissolved.