## PRUETT v. HAMILTON.

### No. 10168.

Court of Civil Appeals of Texas.
Austin.

Nov. 25, 1953.

Rehearing Denied Dec. 16, 1953.

Victor Gleckler, R. C. Wilson, Austin, for appellant.

Carl C. Hardin, Jr., Taylor, Chandler & Taylor, Austin, for appellee.

HUGHES, Justice.

This appeal is from a judgment of the District Court of Travis County rendered in a guardianship proceeding originating in and appealed from the County (Probate) Court of Travis County.

Appellant is Mary Pruett and appellee is Roxie Pruett Hamilton.

Other aspects of this litigation are reflected by the opinions of this Court in Pruett v. Hamilton, Tex.Civ.App., 259 S. W.2d 916 and Mary Pruett v. Hamilton, Tex.Civ.App., 258 S.W.2d 198 (writ of error, ref., n. r. e).

On June 14, 1952, appellee and others filed applications in the County Court for her appointment as guardian of the persons and estates of Martin G. Pruett, age ninety and Mary Pruett, age 87, the father and mother of appellee.

On June 26, 1952, this application was amended, the material amendments being that all allegations regarding Mary Pruett were omitted, that "Martin G. Pruett is now of unsound mind" was alleged for the first time and the court was not requested to appoint any particular person as guardian.

On June 26, 1952, notice, as required by law, was given that a hearing would be had on July 14, 1952, on the application for appointment of a guardian for the person and estate of Martin G. Pruett.

On July 7, 1952, Mary Pruett, as next friend of Martin G. Pruett,[1] filed a contest in such proceeding and denied that Martin G. Pruett was a person of unsound mind and prayed that the application for guardianship be denied.

On July 31, 1952, a trial amendment was filed by applicants in which the court was asked to appoint appellee as guardian.

After hearing and on September 5, 1952, the County Court entered an order finding Martin G. Pruett to be a person of unsound mind and appointing appellee as the guardian of his person and estate upon her giving bond in the sum of $1,000 and giving oath as required by law, and appointing appraisers of the estate.

On September 9, 1952 appellant and Martin G. Pruett appealed from the *entire* order of September 5th and Mary Pruett executed a bond sufficient to supersede such order under the provisions of Rule 339, Texas Rules of Civil Procedure, and Writ of Supersedeas issued on October 17, 1952.

When the appeal reached the District Court appellee and other applicants filed an amended application which, among the other allegations, referred to the action of the County Court previously taken and prayed that "Martin G. Pruett again be adjudged a person of unsound mind and that, upon the determination of that issue in applicants' favor, that the determination of such fact be certified to the County Court

of Travis County, Texas, and for such other and further relief in law or equity, general or special to which applicants may be entitled."

To this pleading appellant Mary Pruett filed a plea in abatement for herself and as next friend for Martin G. Pruett and numerous exceptions were filed on behalf of Martin G. Pruett and wife Mary Pruett and an answer was filed by Mary Pruett, individually and as next friend for her husband, Martin G. Pruett. This answer, among its many allegations, alleged that none of the applicants, including appellee, was a suitable or proper person to be appointed guardian, but that Mrs. Opal Calhoun, a granddaughter of Martin G. Pruett, was suitable and proper and should be appointed in the event a guardianship was ordered.

Applicants, including appellee, filed five exceptions to the above answer, all of which were sustained. Such exceptions were as follows:

Applicants excepted to an allegation of such answer that "Martin G. Pruett is without a guardian, either of his person, or of his estate" because "defendants attempt to admit as true what plaintiffs did not allege, to wit, 'That Martin G. Pruett is without a guardian, either of his person or of his estate; also said attempted admission is false and the contrary is a matter of record and not in issue in this Court.'"

Such answer specially denied that any person was guardian of the person or estate of Martin G. Pruett. The following exception was made to such denial:

"* * * for the reason that said matter is a matter of record and is untrue; and also that it is irrelevant and immaterial to the issues to be tried before the jury; that is, 'That any person is the guardian of his person and estate.'"

Such answer denied that Martin G. Pruett was possessed of an estate of ap-

---

1. We call attention to Rule 44, T.R.C.P., which is the only authority for appearance by a next friend.

proximately $5,000. The following exception was made to such denial:

"* * * for the reason that whether Martin G. Pruett is possessed of an estate of approximately $5,000.00 is immaterial and irrelevant to the issues to be tried in this cause and was not a matter in controversy and thus appealed from below."

Such answer denied that Roxie Pruett Hamilton was a suitable or proper person to act as guardian. The following exceptions were made to such denial:

"(1) That the issue of suitability was not the subject of the matter in controversy in the County Court.

"(2) That no other person has ever applied for appointment as guardian.

"(3) That no other person has ever intervened or adopted the pleadings of any person who contested the proceedings in the County Court or in this Court.

"(4) That no other person has become a party to this suit to entitle them to apply for appointment as guardian.

"(5) That no other person has ever shown to have an interest to entitle such person to be appointed guardian.

"(6) That contestants have heretofore acquiesced in the guardian's qualifications and have waived any alleged right to contest same.

"(7) That said allegation fails to allege in any manner wherein the guardian appointed is not suitable, qualified, or a proper person so as to put applicants on notice of any claimed disqualification."

An exception was also made to that part of such answer which alleged that appellee was not a suitable person to act as guardian but that Mrs. Calhoun was suitable for such purpose, the exception made being:

"* * * that no one other than Roxie Pruett Hamilton has heretofore applied for appointment as guardian in the County Court or in this Court; that there was no issue or controversy in the County Court as to her qualifications or suitability to act as guardian; that no contestant has applied for appointment as guardian; that no person or persons interested in the estate of Martin G. Pruett has or have intervened or applied for appointment as guardian, or has or have in any manner adopted the pleadings in the County Court or in the District Court and become a party and applied for appointment as guardian or contested the qualifications or suitability of Roxie Pruett Hamilton, who was appointed below."

Of the thirteen special exceptions made by appellants twelve were overruled. Of these twelve some were directed to allegations in which reference was made to the judgment or order of the County Court, it being specifically pointed out by such exceptions that in an appeal of this character the District Court is not a reviewing court but must conduct a trial de novo.

The jury which heard this case in the District Court found, in answer to special issues, that Martin G. Pruett was of unsound mind on July 31, 1952, and at the time of trial.

Based on this verdict the court rendered judgment "decreeing that said Martin G. Pruett is a person of unsound mind" and reciting that:

"The said trial was an appeal by contestants from the County Court's judgment and constituted a trial de novo of all matters in controversy in that Court and appealed from to this Court, and it appearing to the Court that the only subject of the matter in controversy in the County Court was the necessity of the appointment of a guardian of the person and estate of Martin G. Pruett, that is, whether Martin G. Pruett was of unsound mind, and it further appearing that Roxie Pruett Hamilton was the only person who applied for appointment as guardian in the County Court and her

qualifications and suitability were not contested or in issue in the County Court; and it further appearing that in the appeal to this Court none of the contestants applied for appointment as guardian and that no other person or party intervened and made application for appointment as guardian, this Court was and is of the opinion and so found and finds that the only issue in controversy and appealed from the *the* contestants *in* the unsoundness of the mind of Martin G. Pruett."

This judgment was ordered certified to the County Court for observance.

It is our opinion that the judgment of the District Court is incomplete in that it does not dispose of all the issues which were before the court. An adjudication that Mr. Pruett was of unsound mind is meaningless unless some judicial consequences are decreed to result from such mental condition. No such consequences are to be found in the trial court's judgment.

It is clear to us from the record, which we have carefully analyzed, that the trial below was conducted upon the premise that the District Court would review or grant redress only as to the matters in which it was charged that the County Court had committed error.[2]

This is not the nature of the District Court's duties in exercising its appellate jurisdiction in an appeal of this kind.

■ The trial in the District Court is de novo, Rule 342, T.R.C.P., to which trial the parties are entitled as a matter of right. Schwind v. Goodman, Tex.Com.App., 221 S.W. 579. A de novo trial in the District Court on appeals from the County Court in probate matters as provided in Rule 334, T.R.C.P., is to be conducted as if originally brought in that court *without reference* to its course or history in the County Court. 13 Tex.Jur. p. 650; Robertson v. National Spiritualists' Ass'n, Tex.Civ.App., 25 S.W. 2d 889 (Dallas, writ dism.). This rule is applicable to appeals under Rule 342. We quote from Cowden v. Wallace, Tex.Civ. App., 4 S.W.2d 665 (San Antonio):

"So, an appeal from that order carried the whole case into the district court, in which the statute provides for a trial de novo. Article 4327 (Rev. St.1925).[3] Appellant contends that because the appeal was simply from an order perpetuating her appointment as guardian, the district court was limited to a consideration of that one question, and could not go further and consider appellees' application for appointment in lieu of appellant. We overrule this contention. For the effect of the appeal was to bring the whole case, with its subject-matter and all the parties concerned in the county court proceedings into the district court.

" 'The jurisdiction thus acquired by that court was as broad and comprehensive as to the entire proceedings as that originally vested in the county court, and any person interested in the estate has the right to intervene in a probate proceeding after an appeal from the county to the district court; and, in the trial de novo in the district court, that tribunal may do all that the county court could have done in the

2. This conclusion is inescapable when we consider the following excerpt from appellee's brief:
   "But the District Court can only consider errors which appear on the face of the record and which are properly brought before it by bills of exception and statement of facts, or which are properly brought before him by a hearing and the introduction of evidence, etc.
   "Appellants perfected no bill of exception, introduced no evidence, and made no proof of their contentions as to the proceedings in the county court. The burden is on them to show error, and in the absence of a statement of facts or bills of exception or evidence introduced in a hearing on a direct attack on the judgment below, the District Court on appeal and the Appellate Courts must indulge every presumption in favor of regularity and in support of the judgment."

3. Rule 342, T.R.C.P., unchanged.

matter.' Pipkin v. Turner (Tex.Civ. App.) 277 S.W. 221."

In Sparkman v. Stout, Tex.Civ.App., 212 S.W. 526, .527 (El Paso, writ ref.), the Court reversed and remanded a guardianship proceeding because the District Court had not disposed of all the issues, the Court saying:

"The appeal from the county to the district court was from an order appointing a guardian both of the person and estate. This appeal transferred the whole case to the district court and vested in it the sole jurisdiction to determine both questions, and it has only disposed of the one question, viz. 'guardianship of the person,' thus leaving the appointment of a guardian of the estate suspended."

 We consider this case conclusive against the sufficiency of the judgment rendered by the District Court for which reason this cause must be reversed and remanded.

Turning now to a consideration of appellant's Points of Error contained in her brief we find that the first three points relate to the effect of what did or did not occur in the County Court upon the trial in the District Court.

As stated above and as the authorities cited herein hold the District Court should try all issues raised by the application for appointment of a guardian of the person and estate of Martin G. Pruett [4] as if such application had been originally filed in such court and should not permit either pleading or evidence as to what happened in the County Court, except perhaps for procedural purposes.

Appellant's fourth and last point is that by reason of an arrangement whereby one son had agreed to take care of Mr. Pruett and perform the same duties which a guardian would perform if appointed, that guardianship should not be granted. .

4. The basic issues are: Should a guardian be appointed, i.e. do statutory grounds exist and if so to whom should the ap-

Evidence of such an arrangement is, we believe, pertinent on the requirement of Art. 4123, V.A.C.S., that the court must be satisfied "That the rights of persons or property are to be protected" but, in our opinion, such evidence is not conclusive against the necessity for guardianship.

This cause is reversed and remanded for trial in accordance with this opinion.

Reversed and remanded.

pointment be given, also regulated by statute.