Martin G. PRUETT et al., Appellants,

v.

Martin H. PRUETT et al., Appellees.

No. 10403.

Court of Civil Appeals of Texas.

Austin.

May 30, 1956.

——◆——

Victor Gleckler, R. C. Wilson, Austin, for appellants.

Carl C. Hardin, Jr., Taylor & Chandler, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court, based on a jury verdict, finding Martin G. Pruett to be a person of unsound mind and that Roxie Pruett Hamilton Sprouse is a fit and suitable person to act as guardian of the person and estate of Martin G. Pruett.

This is a further proceeding in an unhappy family litigation. Other phases have been considered by this Court in Pruett v. Hamilton, 258 S.W.2d 198, er. ref., n. r. e.; Pruett v. Hamilton, 259 S.W.2d 916, and Pruett v. Hamilton, 263 S.W.2d 193.

This instant suit involved the mental status of and the need for a guardian for Martin G. Pruett.

On a trial de novo in the District Court the jury in response to Special Issues found Mr. Pruett to be of unsound mind, that there was a need for the appointment of a guardian, and that Roxie Sprouse was a fit and suitable person to act as guardian of the person and estate of Martin G. Pruett.

The appeal is before this Court on three points and may be summarized as: that the court erred in failing to give appellants a trial de novo, in refusing to grant a mistrial, to abate the suit, to continue the case, in not permitting Martin G. Pruett to be present at this trial, in admitting the testimony of expert witnesses and in refusing a judgment notwithstanding the verdict; in failing to charge the jury that persons of bad conduct are not qualified to be guardians; that there was no evidence or an insufficient evidence to support the verdict.

The trial was an extended one. The statement of facts contains 780 pages, and while we have read the record we are not too sure of a complete understanding of appellants' theory.

Evidence was given by appellees by lay and expert witnesses, which if believed by the jury, was sufficient to support the jury's verdict.

Martin G. Pruett is over 94 years of age and completely helpless. His worn body, weakened by the ravages of time, and maybe by some neglect during the past 10 or 15 years, is in a pitiable state. His legs are twisted in a position directly underneath his body, his sight is gone and his physical faculties are completely beyond his control.

The physicians who had known and had seen him over the past two or three years had examined him shortly before the trial, both testified that he was of unsound mind and that he was receiving proper treatment. Other lay witnesses testified that Mr. Pruett was helpless and required care like a baby, and did not know anything. Roxie Sprouse testified as to the deplorable conditions she found her father in, of her care for him and to moving him to her home east of Austin in June, 1953, and of her care and attention for him. The witness further testified as to her father's need for care and that a guardian of his person and estate was essential. Others testified to a like condition and need.

Appellants offered no medical testimony but tendered nine lay witnesses to the general effect that Mr. Pruett's physical condition was not good but that he was not of unsound mind.

We believe that the jury having seen, observed and heard the testimony of all the witnesses was in a position to determine the fact issues and having done so that its verdict is supported by the record.

There was no refusal to permit Mr. Pruett to be present.

There was no error in receiving the testimony of the doctors, whose qualifications were not questioned.

Since, as we have stated, the record of the testimony is very long and appellants were afforded ample opportunity to cross-examine and examine all of the witnesses for appellees and to tender such witnesses as they cared to, they have not been deprived of a fair and reasonable trial.

The judgment of the trial court is affirmed.

Affirmed.