Ogle L. MAYNARD, Appellant,

v.

Mrs. G. P. MAYNARD et al., Appellees.

No. 3385.

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1956.

Rehearing Denied Nov. 28, 1956.

Fred Bruner, Dallas, Hughston & Worden, McKinney, for appellant.

Roland Boyd, McKinney, for appellees.

HALE, Justice.

Appellant, O. L. Maynard, instituted suit on January 11, 1956 in the District Court of Collin County against Percy Long and Mrs. Esther Edwards and husband, seeking to recover from them the possession of 114 acres of land belonging to his father and mother, Dr. G. P. Maynard and wife. On the same day, Mrs. G. P. Maynard instituted an action in trespass to try title against appellant in the same court, seeking

to recover from her son the possession of the 114 acres belonging to her and Dr. Maynard, alleging that her husband was non compos mentis. On January 16, 1956, the County Court of Collin County found Dr. G. P. Maynard to be a person of unsound mind and appointed Dr. Maynard's daughter, Mrs. Esther Edwards, as guardian of his person and estate. The guardianship proceeding was removed by appellant to the District Court for a trial de novo. The three cases were consolidated and tried together in the District Court without the aid of a jury, and resulted in judgment confirming the appointment of Mrs. Edwards as guardian of her father, awarding the possession of the 114 acres of land to Mrs. G. P. Maynard, and denying appellant any recovery.

The first point in the brief of appellant is as follows: "The Court erred in finding as a matter of law that Mrs. G. P. Maynard had a legal right to sign a written contract on real property with Percy Long without any court order and without the consent of her husband. Also in the alternative, she was estopped, if she did exercise that right, by the fact that she had consistently told her son, Ogle L. Maynard, that he could occupy the land in question for the year 1956."

At the request of appellant, the trial court filed extensive findings of fact and conclusions of law. From the facts so found it appears that Dr. G. P. Maynard and wife had lived in the town of Wylie in Collin County for many years. At the time of the trial, Dr. Maynard, a retired physician, was over 85 years of age and had been bedridden for two or three years, and had been non compos mentis for more than a year. The 114 acres is and has been at all times material to this suit the community property of Dr. Maynard and his wife. Appellant is the only son of Dr. and Mrs. Maynard, and he resides in the City of Dallas, where he operates a drug store. For several years prior to 1955, appellant had operated the 114 acre farm as a tenant under written contracts from year to year. All rights of appellant to the possession of the farm expired under the terms of his written lease contract on December 31, 1955. On October 1, 1955, at a meeting called at the request of appellant and attended by him, by Mrs. G. P. Maynard, by Mrs. Esther Edwards and by Mrs. Eva Watson (she being another sister of appellant), Mrs. Maynard stated to her son in the office of the attorney where such meeting was held, that she did not want him to work the farm during 1956. Mrs. G. P. Maynard also stated at that time that she had secured a tenant, Percy Long, to whom she wanted to rent the farm. Thereupon, the attorney prepared a lease contract, whereby Mrs. G. P. Maynard, as lessor, leased the 114 acres to Percy Long for one year, beginning on January 1, 1956 and ending on the last day of December of the same year. On the same day, the lease contract was duly signed by Mrs. G. P. Maynard as lessor, and by Percy Long as lessee. The foregoing facts were not only found by the trial court, but they appear to have been established by the undisputed evidence in the case.

In our opinion, the trial court did not err in finding or concluding as a matter of law that Mrs. G. P. Maynard had a legal right to enter into a written agreement with Percy Long for the rental of the 114 acres of land during the year beginning on January 1, 1956, even though such contract was signed by Mrs. Maynard without any court order and without the expressed consent of her husband. As said by the court in Ulmer v. John Hancock Mut. Life Ins. Co., Tex. Civ.App., 161 S.W.2d 862, 865 (er. ref. w. m.): "We deem it unnecessary to cite decisions in support of the proposition that when the husband, * * * because of his insanity, is disabled from managing the community property, the wife succeeds as such manager empowered to sell or mortgage such property, to pay debts, and to

make contracts for its preservation." See also 23 Tex.Jur., p. 20, Sec. 9, and authorities there cited; 23 Tex.Jur., p. 234, Sec. 203 and authorities.

 There was no pleading of estoppel on the part of Mrs. Maynard to enter into the lease contract which she signed with Percy Long on October 1, 1955. The trial court did not find that Mrs. Maynard had ever told her son that he could occupy the land in question for the year 1956 or that appellant had remained in possession of the premises after January 1, 1956, with the consent of Mrs. Maynard, and we cannot say that any such facts were conclusively established as a matter of law.

Therefore, appellant's first point must be overruled.

The second point in appellant's brief is as follows: "The court erred in finding that Esther Edwards was a proper and fit person to act as guardian of the estate of Dr. G. P. Maynard, and that such appointment was under the facts in the best interest of the estate." We overrule this point of error. Mrs. Maynard testified she wanted her daughter to act as guardian. We do not think any useful purpose would be served by setting forth all of the findings of fact made by the trial court or to attempt a résumé of the evidence relating to this tragic controversy between a mother and her offspring over the property rights of the aged mother and her sick and incapacitated husband. It must suffice to say that after a careful review of the record, we have concluded the judgment of the trial court confirming the appointment of Esther Edwards as guardian of the estate of her father is not without proper support in the findings of the trial court or the evidence upon which such findings are based.

Therefore, each of appellant's points is overruled and the judgment of the court below is in all things affirmed.