In re C. J. FRANTZ, Sr., and Sarah F. Frantz.

No. 7527.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 25, 1965.

Rehearing Denied Nov. 22, 1965.

Linn & Helms, Spearman, Gene E. Steed, Perryton, for appellants.

Gordon, Gordon & Buzzard, Pampa, for appellee.

NORTHCUTT, Justice.

In this case petitioners-appellants sued as interested parties and next friends of C. J. Frantz, Jr., and his wife, Sarah H. Frantz, both incompetent, to have Kenneth Frantz removed as guardian of the persons and estates of C. J. Frantz, Sr. and Sarah F. Frantz. The case was tried before the judge without a jury and judgment granted in favor of the defendant-guardian thereby refusing to remove him as guardian. From that judgment the petitioners-appellants perfected this appeal.

By appellants' first point of error it is contended the court erred in not removing Kenneth Frantz as guardian because the record was uncontroverted that the wards were residents of Texas and their principal estate was in Texas and that Kenneth Frantz at the time of the trial was a resident of the State of Oklahoma, same being ground for removal per se under Subsection (4) of Section 222(a) of Chapter 7 of the Texas Probate Code, V.A.T.S.

It is there provided the court may remove without notice any personal representative appointed under the provisions of the code who: "Absents himself from the State for a period of three months at one time without permission of the court, or removes from the State." If the court has a right to appoint a non-resident as guardian and he is in the state at least every other week and sometimes every week, such provisions would be of no effect. Kenneth Frantz was appointed guardian in February 1964. This case came on for hearing on November 12, 1964. At the time he was appointed guardian he was a resident of the State of Oklahoma and has continued to be a resident of that state at all times since his original appointment. He lives about seven or eight miles over the Texas line.

We have not been cited to a case passing upon the point here involved and neither have we found one. It is to be noticed that the original suit was brought in the county court on July 21, 1964, to have the guardian removed without notice. However, a citation was issued on that same day commanding any sheriff or constable within the State of Texas to summon Kenneth Frantz to appear before the county court of Ochiltree County, Texas, by filing a written answer to the application to remove him as guardian and to appoint a new guardian. The sheriff's return shows it was served upon C. J. Frantz, Sr., and Sarah Frantz in Texas County, Oklahoma. We assume this was the way the guardian learned of the application to remove him as guardian. The guardian filed his answer in reply to the application to remove him as guardian. On October 9, 1964, the county court of Ochiltree County entered its order denying the application to remove Kenneth Frantz as guardian. The county court did not act upon the application without notice but acted after the guardian had filed his answer to the application for removal.

Article 4111 was amended in 1929 by adding Subsection 6 as follows: "Providing no guardian shall be a non-resident of Texas." Article 4111 was repealed by the 54th Legislature in 1955 and enacted what is known as the Probate Code. Section 110, Chapter 5 of the Probate Code provides that certain persons shall not be appointed guardian but does not provide that a non-resident of Texas cannot be appointed guardian. Consequently, we are of the opinion, and so hold, that since Article 4111 was repealed and Section 110, Chapter 5 of the Probate Code does not provide a non-resident of Texas cannot be appointed guardian with no provision therein for preserving that no guardian could be a non-resident of Texas, that that provision terminated. The State v. Andrews, 20 Tex.Reports 230; Wiseman v. State, Tex.Civ.App., 94 S.W.2d 265 (writ refused), and the cases there cited. By appellants' second point of error it is contended the court erred in not removing Kenneth Frantz as guardian because the record is uncontroverted that Kenneth Frantz at the time of the trial had absented himself from the State of Texas for a period of over three months without the permission of the county court. The appellants were relying upon Section 222 (a) (4), Chapter 7 of the Probate Code. That provision concerns removal "without notice." Section 222(b) concerns removal "with notice" and does not contain Subsection (4) as contained in Section 222(a). The undisputed record shows that the guardian was in the State of Texas at least every other week and sometimes every week. It is also to be noticed that Sections 222(a) and 222(b) provide the court *may remove* and does not provide *shall remove*. (Emphases ours.) We overrule appellants' first two points of error. The remaining points of error concern the action of the guardian in failing to properly care for C. J. Frantz, Sr. and Sarah J. Frantz and not looking after and caring for their estate. The county judge and the district judge both have held contrary to that contention. No findings and conclusions were requested or filed by the trial court. Hence it is our duty to affirm the judgment as sustained upon any reasonable theory supported by the evidence and authorized by law. Connor v. City of University Park, Tex.Civ. App., 142 S.W.2d 706 (writ refused); E. L. Farmer & Company v. Burkett, Tex.Civ. App., 324 S.W.2d 890; Atlas Assurance Co. v. Houston Fire & Casualty Ins. Co., Tex.Civ.App., 324 S.W.2d 943 (writ dismissed). We have carefully considered all of appellants' assignments of error and overrule the same.

Judgment of the trial court is affirmed.