Julian RAMIREZ, Appellant,

v.

Josefina GARCIA de BRETADO, guardian of the persons and Estates of Pablo Valles and Oswaldo Valles, minors, Appellee.

No. 6507.

Court of Civil Appeals of Texas, El Paso.

Feb. 16, 1977.

Santiesteban, Kennedy & Martin, Jose G. Juarez, El Paso, for appellant.

Malcolm McGregor, Harry T. Petersen, El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This case involves the question of who should be the guardian of the person and estate of two minors, Pablo Valles and Oswaldo Valles, whose natural mother is deceased and whose natural father has been declared non compos mentis. The trial Court, sitting without a jury, declared the Appellee, Josefina Bretado, guardian, and the contestant, Julian Ramirez, appeals that order. We affirm the judgment of the trial Court.

Appellee is the maternal grandmother and Appellant is a paternal uncle. All parties agree that the trial Court has broad discretion in the selection of a guardian, and that discretion will not be disturbed except where it is shown that it has been abused. *Cox v. Young*, 405 S.W.2d 430 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.). In our determination of whether the trial Court has abused its discretion, we are bound to consider the record as a whole. *Flores v. Riveria*, 473 S.W.2d 613 (Tex.Civ. App.—Amarillo 1971, writ ref'd n. r. e.). The record is full and complete as to the qualifications of the two persons seeking to be guardian; it contains all of the matters which the Court would need to determine who would be the most suitable person, considering that the welfare of the children is paramount and controlling. Also, with the mother deceased and the father non compos mentis, the children are, for all practical purposes, orphans, and this brings into effect Sec. 109(b)(1) of the Texas Probate Code, which provides:

"(1) If the last surviving parent has appointed no guardian, the nearest ascendant in the direct line of such minor is entitled to guardianship of both the person and estate of such minor."

As the maternal grandmother, Appellee thus qualifies over the Appellant, a paternal uncle. Under this provision of the Probate Code, there is a presumption that the Appellee is the best qualified person to be the guardian. *Ramos v. Rodriguez*, 304 S.W.2d 274 (Tex.Civ.App.—San Antonio

1957, writ ref'd). Appellant has not met the burden of overcoming that presumption.

Of great concern is the fact that the Appellee resides in Juarez, Mexico, beyond the jurisdiction of the Court, and will take the children to her home there. Appellant urges that this non-residency disqualifies the Appellee and that the Court erred in appointing her in the face of testimony from her that she would take the children to Mexico to live. Texas law does not prohibit the appointment of a non-resident of Texas as guardian. *In re Frantz*, 397 S.W.2d 125 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.). Article 109 of the Probate Code lists "persons qualified" to be guardian, and Article 110 of the Code lists persons who are disqualified from being guardians. Neither articles speaks of residence as qualifying or disqualifying. Section 222 of the Probate Code says that the Court may remove a guardian if he removes himself from the State. As noted in the *Frantz* case, the use of the word "may" remove instead of "shall" remove makes the matter permissive with the Court and not mandatory. Here, the Court knew in advance that the guardian would be a non-resident, but, in the exercise of its discretion, appointed her. In this, we see no abuse of discretion. It would appear that the contacts the Appellee has and the benefits to be derived therefrom would cause her to be cooperative with the Court, for the children are to receive, or are receiving, VA benefits and are the beneficiaries of a pending lawsuit. In any event, the power to remove still remains with the Court in the event it becomes necessary or desirable in the future.

Section 110(f) of the Probate Code provides that those who are unable to read and write the English language are disqualified to serve as guardian. Appellant urges the application of this provision to the Appellee. From the record, we do not know if Appellee can read or write the English language or not. The burden to prove this disqualification would be upon the Appellant. There are no findings of fact and

conclusions of law. Presumably, the judge found against the Appellant on this point. In the absence of findings of fact and conclusions of law, it is the duty of an appellate Court to affirm the judgment if it can be sustained upon any reasonable theory supported by the evidence and authorized by law. *In re Frantz,* supra; *Connor v. City of University Park,* 142 S.W.2d 706 (Tex.Civ.App.—Dallas 1940, writ ref'd); *E. L. Farmer & Company v. Burkett,* 324 S.W.2d 890 (Tex.Civ.App.—Amarillo 1959, no writ). As regards any reasonable theory, the trial judge could have found that the Appellant did not meet his burden of proving that the Appellee could not read and write the English language.

All points or error have been considered and all are overruled. The judgment of the trial Court is affirmed.