**Gary HILL, Appellant,**

v.

**Marjorie Sue Hill JONES, Appellee.**

**No. B14–88–00086–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 8, 1989.

**56**

Charley L. Smith, Bellville, for appellant.

Hubert Odom, Sealy, Conrad Day, Bellville, C.E. Clover, Jr., Sealy, for appellee.

Before MURPHY, ROBERTSON and ELLIS, JJ.

OPINION

ELLIS, Justice.

The court, sitting without a jury, appointed appellee as guardian for her 89 year old mother, an incompetent, and for her mother's estate. Appellant, intervenor at trial and nephew of appellee, raises three points of error. We affirm.

This case originated as a contested proceeding to appoint appellee temporary guardian for the ward, Mrs. Dorothy M. Hill. The court appointed an attorney ad litem to represent Mrs. Hill's interests. Appellant intervened at trial, without objection from appellee. All parties stipulated at trial that Mrs. Hill is an incompetent who requires a guardian for her estate and person. The record reflects that appellee moved to her mother's home in 1977 to care for her, at her mother's request. Appellee and her mother entered into the mutual agreement that appellee would live rent-free in exchange for caring for her mother. Additionally, they would share some expenses. Appellee and her mother had a joint checking account, containing approximately $2,000. They deposited their monthly income into this account and paid their monthly expenses there from. Mrs. Hill gave appellee a power-of-attorney in April 1980. Since being granted power-of-attorney, appellee has managed her mother's estate consisting of real estate and bank accounts. In 1984, it became medically necessary to admit appellee's mother into a nursing home. Appellee continued paying living and nursing home expenses from the joint account. Appellee subsequently sought to become guardian of her mother after appellant unsuccessfully attempted to obtain a power-of-attorney from the mother. Appellant tried to invalidate appellee's power of attorney, get control of the mother's property, and remove the mother from the nursing home at a time appellee felt was improper.

Appellant did not file any written pleadings in support of his intention. At trial, appellant did not present any witnesses. However, appellant was allowed to cross examine and present arguments. The court heard the evidence and the parties'

arguments and appointed appellee temporary guardian. The hearing was continued as to the appointment of a permanent guardian. Upon resumption of the proceeding, the court granted appellee's motion to be appointed permanent guardian based on the evidence adduced at the temporary and permanent guardianship hearings. The order appointing appellee permanent guardian states that appellee is "not disqualified to act as guardian," is "entitled to appointment" as guardian, and is "a proper person to act and serve as guardian." Further, the order recites that the rights of the ward will be protected by the appointment of a guardian. No requests for findings of fact or conclusions of law are of record.

Appellant's first and second points of error challenge the court's appointment of appellee as guardian because of alleged disqualifications. In his first point, appellant urges that appellee is disqualified as guardian because she has conflicts of interest with the ward. The second point contends that appellee is disqualified because she has a debt owing to the ward and asserts an adverse claim to the ward's property. Appellant proposes that appellee is disqualified because her use of the joint account and her mother's home gives rise to a debt owed by the guardian to the ward and thus, there exists a conflict of interest between them. Appellant specifically contends that a debt exists because the ward paid more than one half her share of monthly expenses and because appellee did not pay rent owed to the ward before the grant of permanent guardianship so that rent is owed the ward by appellee. According to appellant, a conflict of interest will arise in the future because as guardian, appellee will have to "allocate funds" in the joint account and it would be inappropriate for the guardian to pass on her own claim. Appellant further argues that because appellee lives in her mother's home, this gives rise to a claim adverse to the ward. We do not find these contentions persuasive.

Pursuant to section 109 of the Texas Probate Code, where there is no qualified spouse, the nearest of kin to such person who is not disqualified shall be entitled to the guardianship. TEX.PROB.CODE ANN. § 109(c)(2) (Vernon 1980). Before the court may grant the appointment of a guardian, it must find that the person to be appointed guardian is not disqualified and is entitled to be appointed TEX.PROB.CODE ANN. § 114(c), and that the rights of persons or property will be protected by the appointment of a guardian. TEX.PROB.CODE ANN. § 114(d). Persons indebted to the ward, unless they pay the debt prior to the appointment, or who assert a claim to the ward's property, adverse to the person for whom, or for whose estate, the appointment is sought, are disqualified. TEX.PROB. CODE ANN. § 110(e). Those who by reason of inexperience or lack of education, or for other good reason, are shown to be incapable of properly and prudently managing and controlling the ward or his estate are also disqualified. TEX.PROB.CODE ANN. § 110(g). Moreover, section 110 of the probate code has been interpreted to exclude as guardians those who have a conflict of interest with the ward. *Dobrowolski v. Wyman*, 397 S.W.2d 930 (Tex.Civ.App.–San Antonio 1965, no writ).

 Appellee was not disqualified as guardian. Because she was entitled to guardianship, subject to disqualification, as nearest kin, she is presumed to be the best qualified to serve. *Ramirez v. Garcia de Bretado*, 547 S.W.2d 717, 718–719 (Tex.Civ. App.–El Paso 1977, no writ) This court does not consider whether there is someone who may be more capable than appellee but whether appellee is incapable. A guardian is disqualified if she has an actual conflict of financial interest with her ward. However, an interest in her property alone is inadequate to disqualify her. *See generally Carney v. Aicklen*, 587 S.W.2d 507 (Tex. Civ.App.–Tyler 1979, writ ref'd n.r.e.). Further, it was appellant's burden to establish appellee's disqualification under the probate code. *Chapa v. Hernandez*, 587 S.W.2d 778 (Tex.Civ.App.–Corpus Christi 1979, no writ). Appellant failed to meet this burden. Appellee has never been convicted of a felony, she can read and write in English and is the closest living relative of the ward. She has completed high school

and business school and has experience as a clerical worker for the Federal government. No disqualifying conflict of financial interest regarding a debt exists between appellee and her ward. Appellee testified that she is not disqualified to serve as guardian, that she was not indebted to and has no interests adverse to her mother would expend her mother's funds for proper purposes and would account to the court for any such expenditures.

Appellant contends that because no evidence was produced during trial which showed appellee entitled to support by the ward, that such support is a disqualifying debt owed to the ward by the guardian. However, appellant's premise is incorrect. The trial court heard the parties' testimony regarding the agreement between appellee and her mother. Pursuant to the agreement, the mother paid a portion of her daughter's share of their monthly expenses and charged no rent, in exchange for care of the mother's person and property. This agreement continued after the ward went into a nursing home. No outstanding monies are owed by appellee to her mother. Additionally, the record reflects that appellee will pay her own expenses including rent as permanent guardian and will be compensated for her services as guardian. Further, appellee has disclaimed any interest in the joint checking account and stated that as guardian she will set up separate accounts. Therefore, the joint account and living arrangements do not give rise to an adverse claim by appellee.

The financial interests of appellee are compatible with the financial interests of the ward. *Carney*, 587 S.W.2d at 510. Appellee does not assert any claim to her mother's bank accounts. She has taken care of her mother and handled her mother's financial affairs for the past ten years without complaint. Appellee preserved her mother's estate despite the unsteady Texas economy during this period. She has seen that her mother's taxes and bills, including those of the nursing home, were paid timely. She has collected her mother's rents and royalties and kept up her home. Appellee has proven herself honest, willing and capable of taking care of her mother's

property. Accordingly, appellee's first and second points of error are overruled.

Appellant's third point of error contends the "testimony conclusively demonstrated the applicant is incapable of handling the estate of the ward." The pertinent question in this instance is whether the trial court abused its discretion. *Ramirez*, 547 S.W.2d at 718. When no findings of fact or conclusions of law are of record, the judgment implies all findings necessary to support it and must be affirmed if it can be upheld on any legal theory finding support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Where there is evidence in the record to support the trial court's implicit finding that the person appointed guardian is capable of managing the ward's estate and person, the judgment should be affirmed. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). *See also Maynard v. Maynard*, 295 S.W.2d 669 (Tex.Civ.App.—Waco 1956, no writ); *Pruett v. Pruett*, 291 S.W.2d 354 (Tex.Civ. App.—Austin 1956, writ ref'd n.r.e.). In the instant case, there is more than a scintilla of evidence showing that appellee is capable of managing the ward's estate and person. The record reflects that appellee has cared for her mother's person and estate since 1977. At trial, appellee and three witnesses testified to the good care that appellee gave her mother. The former administrator of the nursing home testified that the ward's nursing home bills and medical bills were properly and timely paid. Neither the ad litem nor appellant suggested any other guardian more fit than appellee.

After a careful review of the entire record, weighing and balancing all the evidence in the record, both that in favor of the judgment, as well as that contrary thereto we conclude that there is ample legal and factual evidence to support the appointment of appellee as guardian for her mother. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Hol-*

*ley,* 629 S.W.2d at 696. The court did not err in the appointment of appellee as guardian for her mother. *Ramirez,* 547 S.W.2d at 718. Appellee's third point of error is overruled.

As a counterpoint, appellee reurges her Motion to Dismiss Appeal. We have previously overruled this motion and therefore do not reconsider it with the case. Appellee's fourth counterpoint is specifically overruled.

The judgment of the trial court is affirmed.