Opinion issued March 17, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00813-CV




MICHAEL TERRY JOHNSON, Appellant

V.

CATHY LATRICE JOHNSON, Appellee




On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Cause Nos. 343667 & 343667-401




MEMORANDUM OPINION

          This appeal arose from a contested guardianship proceeding between children
of the proposed ward, Daisy Mae Johnson, an incapacitated person. Appellant,
Michael Terry Johnson, filed for appointment as guardian of his mother; appellee,
Cathy Latrice Johnson, contested Michael’s application and brought a cross-application for guardianship. The court appointed an attorney ad litem to represent
Mrs. Johnson’s interests. After a trial without a jury, judgment was entered
appointing Cathy the permanent guardian of Mrs. Johnson’s person and her estate. 
          In two issues, Michael appears to contend that the trial court erred in denying
his application and appointing Cathy, and in denying his motion for new trial.
          We affirm.
BACKGROUND
          Daisy Mae Johnson is a 73-year-old widow and mother of nine children. In
2000, she was diagnosed with Alzheimer’s disease. During her decline, Mrs. Johnson
asked her daughter, Cathy, to oversee her personal affairs, and a joint checking
account was opened. In 2001, after the family noted a further decline in Mrs.
Johnson’s mental faculties, Cathy moved into her mother’s home and began acting
as her primary caretaker. Cathy and Mrs. Johnson agreed that Cathy would live rent-free in exchange for care. Cathy began paying her mother’s expenses from the joint
account. Cathy notified each of her siblings of Mrs. Johnson’s status and the
arrangements. 
          As Mrs. Johnson’s physical and mental health worsened, she required day care
and home health care. Eventually, she became unable to speak or to walk. On May
5, 2003, after several hospitalizations, it became medically necessary to admit Mrs.
Johnson into a nursing home. Mrs. Johnson granted Cathy statutory durable power-of-attorney (“POA”) on June 29, 2003. The POA was recorded on June 30, 2003. 
There is no evidence that Mrs. Johnson was incompetent to execute the POA and no
such adjudication took place at that time.
          Since 2003, Cathy has resided in Mrs. Johnson’s home and has managed her
estate—consisting of a home, two small tracts of real estate, and a bank account that
solely holds social security funds until they are disbursed for Mrs. Johnson’s needs. 
Cost of care at the nursing facility is $5,000 per month and has been by private pay. 
At the time of trial, a $9,000 balance was outstanding. Mrs. Johnson has been
ineligible for Medicaid to cover that cost due to her ownership of the two tracts of
real estate—one located in Washington County and one in Waller County—totaling
approximately $9,000 in value. To pay for nursing care and qualify for Medicaid
benefits, Cathy, acting under the POA, transferred the properties into Cathy’s name
to facilitate selling them.
          Michael has been absent throughout much of the events. Michael testified that
he lived with his mother for a period of time after losing his job and has visited
periodically, but never noticed any decline in her mental faculties. Michael testified
that he does not know what his mother’s needs are or what it would cost to provide
for them. Further, the evidence shows that Michael was convicted of misdemeanor
possession of marijuana approximately five years ago. 
          Michael contends that he can offer his mother the care she needs at home and
seeks to remove her from the nursing home. Michael seeks to invalidate Cathy’s
POA because, he contends, his mother was incompetent to execute it. Further,
Michael contends the tract of land in Waller County belongs to him, and Cathy
improperly transferred it into her own name. 
          At trial, Mrs. Johnson appeared through her attorney ad litem and her
appearance was waived. All parties agreed that Mrs. Johnson is incapacitated and
requires constant care. The trial court took judicial notice of her medical file, a letter
from her doctor indicating her incapacitation, and affidavits from six of Mrs.
Johnson’s other children stating that they elect appointment of Cathy as Mrs.
Johnson’s guardian. 
          The trial court found by clear and convincing evidence that Mrs. Johnson is
incapacitated and lacked the necessary capacity to care for herself and to manage her
property as a reasonably prudent person, and that appointment of a guardian was in
her best interest. Further, the court found Michael disqualified to serve as guardian
pursuant to Probate Code section 681, and appointed Cathy as guardian of Mrs.
Johnson’s person and estate.
 
 
Guardianship
          In his first issue, Michael contends that the trial court erred in denying his
application for guardianship and appointing Cathy guardian of Mrs. Johnson’s person
and estate.  
          A trial court has broad discretion in selecting a guardian. Trimble v. Tex. Dep’t
of Prot. & Regulatory Servs., 981 S.W.2d 211, 214 (Tex. App.—Houston [14th Dist.]
1998, no pet.). We review a trial court’s appointment of a guardian for an abuse of
that discretion. Id. A trial court abuses its discretion when it acts without reference
to any guiding principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). 
          A probate court considers the best interests of the ward and appoints a
guardian according to the circumstances. Tex. Prob. Code Ann. § 677(a) (Vernon
2003). If there is not a spouse, as here, the nearest of kin to the ward who is not
disqualified is entitled to act as guardian. See id. Under the Probate Code, in
pertinent part, a person may not be appointed as guardian if
. . . 
(2)     the person’s conduct is notoriously bad; 
. . .
(5)     the person is indebted to the proposed ward, unless the person
pays the debt before appointment;
(6)     the person asserts a claim adverse to the proposed ward or the
proposed ward’s property, real or personal; 
(7)     because of inexperience, lack of education, or other good reason,
the person is incapable of properly and prudently managing and
controlling the ward or the ward’s estate; or 
(8)     the person is found unsuitable by the court. 

Tex. Prob. Code Ann. § 681(2), (5)–(8) (Vernon 2003).
          There is ample evidence to support the trial court’s disqualification of Michael. 
The trial court stated that it found Michael unsuitable, pursuant to section 681,
because of his prior conviction. Id. § 681(8). In addition, the evidence shows that
Michael asserts a claim to the tract of real property in Waller County that is adverse
to the ward. Id. § 681(6). Further, the evidence shows that Michael has no
comprehension of Mrs. Johnson’s needs or the cost of her care. Id. § 681(7).
          Conversely, there is no evidence to disqualify Cathy; rather, there is ample
evidence to support her appointment. See Hill v. Jones, 773 S.W.2d 55, 57 (Tex.
App.—Houston [14th Dist.] 1989, no writ). Unlike Michael, there is no evidence of
an adverse claim or that Cathy is unsuitable to serve. See id.; Tex. Prob. Code Ann.
§ 681(6), (8) (Vernon 2003). Cathy asserts no claim to Mrs. Johnson’s bank account
or real property and there is no outstanding money owed to Mrs. Johnson by Cathy. 
Tex. Prob. Code Ann. § 681(5)–(8). Cathy has made arrangements to sell the
properties to pay the nursing home debt, and the evidence shows that the sales
proceeds will just cover the debt. 
          The evidence shows that Cathy and her mother had an agreement that Cathy
would live rent-free in exchange for care of Mrs. Johnson and her property. Cathy
has provided care and has paid Mrs. Johnson’s monthly bills from Mrs. Johnson’s
funds. This agreement has continued since Mrs. Johnson went into the nursing home. 
Cathy continues to oversee the care of her mother, visits her daily, and is listed with
the nursing home as the family contact. Mrs. Johnson’s property has been maintained
and her expenses have been paid. See Hill, 773 S.W.2d at 57. Hence, Cathy has
demonstrated her ability to prudently manage Mrs. Johnson’s person and estate, and
the trial court reasonably appointed Cathy as guardian. See id.
          It was Michael’s burden to establish Cathy’s disqualification under the Probate
Code. See id. Because Cathy is related to the proposed ward in the same degree of
kinship as Michael, Cathy is entitled to guardianship, subject to disqualification. See
id. Michael failed to meet his burden. Hence, Cathy is presumed best qualified to
serve. See id.
          In a sub-issue, Michael argues that Mrs. Johnson was incompetent to sign the
POA at the time it was executed. However, Michael presented no evidence on this
point. Rather, the testimony showed that Mrs. Johnson was merely incapable of
writing her name at the time. Michael presented no evidence of an adjudication that
Mrs. Johnson was incompetent or lacked competence to grant the POA.
Motion for New Trial
          In his second issue, Michael contends that the trial court erred in denying his
motion for new trial. 
          We review a trial court’s denial of a motion for new trial under an abuse of
discretion standard and make every reasonable presumption in favor of the trial
court’s refusal to grant the new trial. Jackson v. Van Winkle, 660 S.W.2d 807, 809-10
(Tex. 1983), rev’d on other grounds, 121 S.W.3d 715 (Tex. 2003). To obtain a new
trial based on new evidence, a party must show the trial court that (1) the evidence
has come to light since trial; (2) it is not due to lack of diligence that it was not
presented sooner; (3) the new evidence is not cumulative; and (4) the new evidence
is so material that it would probably produce a different result in the case if a new
trial were granted. Jackson, 660 S.W.2d at 809.
          Here, the trial court found that there were no grounds to grant a motion for new
trial because Michael produced no new evidence. Michael’s sole statement at the
hearing was that he had applied to open a nursing home in his house. The evidence
shows that Michael previously presented his plan to provide home health care for
Mrs. Johnson at trial. Hence, the trial court reasonably found the evidence presented
in Michael’s motion for new trial to be cumulative; thus, it did not qualify as newly-discovered evidence.
          We conclude that the trial court did not abuse its discretion in refusing to grant
the motion for new trial. Michael’s second issue is overruled.
 
 
CONCLUSION

          We affirm the judgment of the trial court.




                                                             Laura Carter Higley 
                                                             Justice

Panel consists of Justices Alcala, Higley, and Bland.