Rafael **CHAPA**, Appellant,

v.

Jose **HERNANDEZ**, Appellee.

No. 1439.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 13, 1979.

Oscar Palacios, Pharr, for appellant.

Garcia & Garcia, Edinburg, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a guardianship case between a minor's paternal and maternal grandfathers following an auto accident which killed both of the minor's parents. The trial court rendered judgment favorable to the maternal grandfather. We affirm.

The minor child, Jose Luis Chapa, Jr. was born to Jose Luis Chapa, Sr. and Juana Hernandez Chapa on October 13, 1977. The fatal car accident occurred January 15, 1978. On January 17, 1978, appellant Rafael Chapa, the minor's paternal grandfather, filed an application for guardianship of the minor's person and estate in the County Court at Law of Hidalgo County. On January 30, 1978, the court appointed an attorney ad litem for the minor. Thereafter, on

February 2, 1978, the minor's maternal grandfather, appellee herein, Jose Hernandez, filed a contest against Rafael Chapa's application and claimed that he should be appointed guardian of the minor's person and estate. The court consolidated the applications on February 7, 1978, and authorized the attorney ad litem to collect the minor's estate. Hernandez, filed an amended application for appointment on June 21, 1978.

The case was tried before a jury beginning on June 29, 1978. After all parties had closed but before the cause had been submitted to the jury, Chapa moved for an instructed verdict on the ground that under Tex.Prob.Code Ann. §§ 114, 110 (Supp. 1978)[1], Hernandez had failed to prove that he was not indebted to the estate of the child. See Section 110(e). The court overruled this motion. Chapa then objected to the submission of special issues for the same reasons set forth in his motion for instructed verdict. These objections were overruled. The case was then submitted to the jury on four special issues. In response, the jury refused to find from a preponderance of the evidence that the minor's best interests would be served by appointing Chapa guardian of the minor's person (1) or estate (3); but the jury did find from a preponderance of the evidence that the minor's best interests would be served by appointing Hernandez guardian of the minor's person (2) and estate (4).

Hernandez moved for judgment on the verdict and Chapa moved for judgment notwithstanding the verdict alleging in general terms that Hernandez had wholly failed to meet his burden of proof with respect to Sections 114 and 110 of the Probate Code. Chapa's motion for judgment notwithstanding the verdict was overruled and judgment was entered for Hernandez. Chapa then filed a motion for new trial again alleging broadly, as in the motion for judgment notwithstanding the verdict, that Hernandez failed to prove his case under Sections 114 and 110 and he also alleged error by the trial court in the admission of certain evidence over Chapa's objections.

Appellant's points 1 through 4 contend the trial court erred in overruling his motion for instructed verdict, his objections to special issues, and his motion for judgment notwithstanding the verdict under Sections 114 and 110. We disagree.

■■■ Section 114 provides in pertinent parts as follows:

"Section 114. Facts Which Must Be Proved

Before appointing a guardian, the court must find:

(a) That the person for whom a guardian is to be appointed is . . . a minor

. . . .

(b) That the court has venue of the case.

(c) That the person to be appointed guardian is not disqualified to act as such and is entitled to be appointed; or, in case no person who is entitled to appointment applies for it, that the person appointed is a proper person to act as such guardian.

(d) That the rights of persons or property will be protected by the appointment of a guardian."

Section 110 provides:

Section 110. Persons Disqualified to Serve as Guardians

"The following persons shall not be appointed guardians:

(a) Minors.

(b) Persons whose conduct is notoriously bad.

(c) Incompetents.

(d) Those who are themselves parties, or whose father or mother is a party to a lawsuit on the result of which the welfare of the person for whom, or for whose estate, a guardian is to be appointed, may depend.

(e) Those who are indebted to the person for whom or for whose estate a guardian is to be appointed, unless they pay the debt prior to the appointment, or who are asserting any claim to any property, real or personal, adverse to the person for

---

1. All statutory references hereafter will refer to the Probate Code unless otherwise indicated.

whom, or for whose estate, the appointment is sought.

(f) [Deleted.]

(g) Those who by reason of inexperience or lack of education, or for other good reason, are shown to be incapable of properly and prudently managing and controlling the ward or his estate."

In these four points appellant Chapa presupposes that appellee Hernandez, had the burden of proof to negate any disqualification (as set out in Section 110) on his part. But the burden to prove disqualification of a guardian, here Hernandez, is upon the challenger, here Chapa. *Ramirez v. Garcia de Bretado,* 547 S.W.2d 717, 718 (Tex.Civ. App.—El Paso 1977, no writ). On Hernandez' disqualification, if any there was, Chapa neither offered proof nor requested the submission of any special issue, both of which he was required to do to have us review the disqualification matter. Rules 277 and 279, T.R.C.P.; see *Guardianship of Henson,* 551 S.W.2d 136 (Tex.Civ.App.— Corpus Christi 1977, writ ref'd n. r. e.).

We will further demonstrate why appellant's points 1 through 4 are without merit. Section 109 provides as follows:

"Persons Qualified to Serve as Guardians

\*　\*　\*　\*　\*　\*

(b) Guardians of Orphans. These rules shall govern as to orphans who are minors:

\*　\*　\*　\*　\*　\*

(2) If there be more than one ascendant in the same degree in the direct line, they are equally entitled. The guardianship shall be given to one or the other, according to circumstances, only the best interest of the orphan being considered. \*　\* "

Here, in that Chapa and Hernandez were both grandfathers (ascendants of the same degree) of the minor child who was an orphan because both of his parents were deceased, each was presumed to be qualified to serve as the minor's guardian. Section 109(b)(2), supra. So the only issue remaining to be resolved is which grandfather should be appointed guardian when only the best interest of the minor is considered. That issue was submitted to the jury and the jury answered favorably to Hernandez. Appellant's points 1 through 4 are overruled.

Appellant's point 5 contends that there was insufficient evidence to support the jury's findings that the best interests of the minor's person and estate would be served by appointing Hernandez as guardian. We disagree.

The evidence is replete with the redeeming qualities of Mr. Hernandez. His children and wife testified that he was a good father and able provider, that he loved his family, and that he had given them all he could. It was shown that he had raised several children of his own, that he had one child that was only four years older than the minor and that he was relatively young himself. There was some evidence that Hernandez liked to drink beer, but it was conflicting as to how often and how much. We think the evidence was sufficient to support the jury's decision. Appellant's point 5 is overruled.

Appellant's 6th point contends the trial court erred in allowing appellee to impeach his own witness.

Hernandez called Juan Chapa, one of the appellant's sons, to the stand and asked him questions solely dealing with his father's fitness to serve as the minor's guardian. On cross-examination the appellant asked Juan about Hernandez' drinking habits. Hernandez then cross-examined Juan, over objection, concerning this matter.

We find no error in Hernandez cross-examining Juan concerning his testimony about Hernandez' drinking habits in that he became appellant Chapa's witness for purposes of the new matter elicited. See *Fenner v. American Surety Co. of New York,* 156 S.W.2d 279 (Tex.Civ.App.—Waco 1941, writ ref'd w. o. m.); see also McCormick and Ray, Texas Law of Evidence §§ 638, 641 (2nd ed. 1956); *Biddle v. National Old Line Insurance Company,* 513 S.W.2d 135, 139 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.). Appellant's point 6 is overruled.

Appellant's point 7 contends the trial court erroneously admitted the written report from the psychiatrist that examined Mrs. Hernandez several months prior to the trial. The purpose of her visit to the psychiatrist was to show that she was now mentally capable of raising the minor even though she had been committed to a mental institution in 1962 for a period of four months. In addition to the psychiatrist's opinion that Mrs. Hernandez was mentally well, his written report stated in effect that the Hernandez children had not had problems with drugs or the law, that Mrs. Hernandez was in good mental condition following her commitment to a mental home for four months in 1962, and that Mrs. Hernandez' mental stability was reflected by her productive healthy family. Even if all of this evidence was erroneously admitted, a reversal of this case would not be required in that the record as a whole does not afford a reasonable belief that such evidence would have caused the rendition of an improper judgment. Rule 434, T.R.C.P.; *Ins. Co. of North America v. Asarco, Inc.,* 562 S.W.2d 557, 562 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). The record is replete with evidence that the Hernandez household is a healthy productive, quiet, peaceful household, with a mentally well adjusted mother. The record also indicates that the Hernandez children do not use drugs, that they attend school and that they have never run away from home. Therefore, looking at all the evidence and that mentioned above, we cannot say that even if the disputed evidence was erroneously admitted that it probably caused the rendition of an improper judgment. Appellant's point 7 is overruled.

The judgment of the trial court is affirmed.