**Fred W. ADAMS, Jr., as Guardian for Mattie Gandy Adams, Appellant,**

v.

**Carol C. SADLER and Gordon Mayes, Appellees.**

No. 14421.

Court of Appeals of Texas, Austin.

Sept. 11, 1985.

Rehearing Denied Oct. 9, 1985.

of the probate court of Travis County ordering him to file a corrected inventory in the guardianship estate. This Court will affirm the judgment of the probate court.

Adams, as guardian for his mother Mattie Gandy Adams, filed an inventory of the property of the guardianship estate. Included in the inventory was the entry: "undivided ½ interest in real property and improvements located at 2200 Windsor Road."

Appellees Carol C. Sadler and Gordon Mayes, co-trustees of the Mattie and Fred Adams, Sr., Trust, filed a complaint in probate court to correct the "erroneous inventory." Appellee trustees asserted by their complaint that the guardian had erroneously included in the inventory the undivided one-half interest in the house and lot located at 2200 Windsor Road, in Austin. The trustees contended that the Windsor Road property was a part of the trust estate of the Mattie and Fred Adams, Sr., Trust. The trustees sought, among other things, an order directing the guardian to file a corrected inventory omitting the Windsor Road property from the guardianship estate.

After a bench trial, the probate court rendered judgment finding that the undivided one-half interest in the Windsor Road property was a part of the trust estate rather than the guardianship estate and ordered the guardian to file a corrected inventory omitting the Windsor Road property from the guardianship estate. The judgment further ordered the guardian to surrender control and possession of the Windsor Road property to the trustees. Finally, the judgment awarded the trustees attorney's fees.

■ The guardian filed no statement of facts and predicates his appeal solely on the transcript. In the absence of a statement of facts, the reviewing court presumes that the evidence supports the judgment. *Guthrie v. National Homes Corporation,* 394 S.W.2d 494 (Tex.1965).

The guardian does not complain by point of error of the judgment ordering him to

Lannis A. Kircus, Austin, for appellant.

Matt Dow, Small, Craig & Werkenthin, Austin, for appellees.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

SHANNON, Chief Justice.

Fred W. Adams, Jr., guardian for Mattie Gandy Adams, appeals from the judgment

pay attorney's fees and to surrender control and possession of the Windsor Road property. Instead, the guardian attacks only that part of the judgment ordering that a corrected inventory be filed omitting the Windsor Road property from the guardianship estate.

The guardian first complains that the probate court erred in denying his plea to the jurisdiction and motion to dismiss. The plea and motion were grounded upon the thesis that the probate court had "no jurisdiction to try title to real estate that is incident to a guardianship estate." The *point of error is* overruled.

■ The guardian suggests, correctly, that the probate court has no jurisdiction to determine title to property. *Wise v. O'Malley,* 60 Tex. 588 (1884). The probate court by approving, modifying, or correcting an inventory, however, does not determine title to property. *See Brown v. Fleming,* 212 S.W. 483 (Tex.1919). An inventory is not conclusive of the title to the property there listed or omitted but instead is only prima facie evidence of that fact. *Krueger v. Williams,* 163 Tex. 545, 359 S.W.2d 48 (1962); *Little v. Birdwell,* 21 Tex. 597 (1858).

Texas Prob.Code Ann. § 258 governs the manner in which an inventory may be corrected:

Any person interested in an estate who deems an inventory, appraisement, or list of claims returned therein erroneous or unjust in any particular may file a complaint in writing setting forth and pointing out the alleged erroneous or unjust items, and cause the representative to be cited to appear before the court and show cause why such errors should not be corrected. If, upon the hearing of such complaint, the court be satisfied from the evidence that the inventory, appraisement, or list of claims is erroneous or unjust in any particular as alleged in the complaint, an order shall be entered specifying the erroneous or unjust items and the corrections to be made, and appointing appraisers to make a new appraisement correcting such erroneous

or unjust items and requiring the return of said new appraisement within twenty days from the date of the order. The court may also, on its own motion or that of the personal representative of the estate, have a new appraisal made for the purposes above set out.

The trustees followed the mandate of § 258 in filing a written complaint setting forth the claimed error in the inventory. The trustees caused the guardian to appear and show cause why the claimed error should not be corrected. Upon hearing, the probate court was satisfied by the proof that the inventory was erroneous and rendered judgment ordering the inventory to be corrected omitting the Windsor Road property from the guardianship estate.

■ This Court has concluded that the order of the probate court requiring the omission of the Windsor Road property from the inventory of the guardianship estate is not an adjudication of title, *Krueger v. Williams, supra,* but instead, the probate court's order is a valid exercise of the power conferred by § 258 to correct an erroneous inventory.

■ The guardian complains by point of error two that the probate court erred in denying the guardian's motion that the court try the issue of the trustees' interest in the guardianship estate separately and before any other proceeding. Point of error three is that the probate court erred in denying the guardian's motion that the court require proof by the trustees of their interest in the guardianship estate property. It is true that in his motion for new trial, the guardian complained of the court's rulings on these motions. The offending motions and the court's orders ruling on the motions, however, do not appear in the transcript. To obtain a reversal of a judgment, the appellant must bring up a record which affirmatively shows that harmful error was committed or else he waives complaint of the error. *Boyd v. Robinson,* 304 S.W.2d 430 (Tex.Civ.App.

1957, no writ). The points of error are overruled.

The judgment is affirmed.