Barbara S. YOUNGS, Appellant,

v.

Maggie S. CHOICE, Appellee.

No. B14–92–01052–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1993.

Rehearing Denied Feb. 24, 1994.

Barbara S. Youngs, Houston, for appellant.

James Patrick Smith, Sharon Brand Gardner, Jean T. Jansen, Houston, for appellee.

Before SEARS, CANNON and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant appeals pro se from two partial summary judgments granted in favor of Appellee, and from an order of sanctions entered by the trial court. In three points of error, Appellant challenges the guardianship of her mother, May T. Youngs, the judicial partition-in-kind of Appellant's real property, and the sanctions imposed by Judge Hutchison. We affirm all three orders.

On November 28, 1988, Maggie S. Choice, Appellant's daughter, was appointed permanent guardian of May T. Youngs and of May Youngs' estate. On August 11, 1989, the Guardian sued Appellant for: (1) partition of property jointly owned by Appellant and the ward; (2) reimbursement based on non-accessibility to the property created by the Appellant; (3) rents owed because Appellant was living on the property; (4) waste of the property; and (5) taxes. In November of 1989, Appellant filed her "First Amended Answer" and requested that the trial court deny the partition and dissolve the guardianship of her mother, or in the alternative, remove Maggie Choice as guardian. The Guardian propounded discovery upon the Appellant, and in particular, served Appellant with requests for admissions. Appellant failed to respond to the discovery, and the Guardian moved for summary judgment based upon the deemed admissions. The trial court granted partial summary judgments on both the guardianship and partition issues. It is from these orders that Appellant seeks relief.

■ We begin by noting that in order to appeal a probate matter, it is not necessary that the decision, order, or decree fully and finally dispose of the entire probate proceeding. Instead, such an order is appealable if it finally disposes of the issue or controverted question for which that particular part of the proceeding was brought.[1] *Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151, 153 (Tex.App.—Fort Worth 1983, no writ). In other words, a probate order is appealable if it finally adjudicates a substantial right. *Vineyard v. Irvin*, 855 S.W.2d 208, 210 (Tex. App.—Corpus Christi 1993, no writ). This is because a probate court conducts its business in a continuing series of events. *Id.* As the Fort Worth Court of Appeals noted in *Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex. App.—Fort Worth 1987, no writ):

> The nature of "administration" contemplates decisions to be made on which other decisions will be based. There must be a practical way to review erroneous, controlling, intermediate decisions before the consequences of the error do irreparable injury.

Therefore, even though both summary judgments are entitled "Partial Summary Judgment," we hold that both judgments are final judgments for this appeal.

In her first point of error, Appellant challenges the guardianship of May T. Youngs. Appellant claims that the trial court violated May Youngs' due process rights when it appointed Maggie Choice as guardian, and alternatively, that the trial court erred in failing to remove Ms. Choice as guardian.

■ This Court can not address the substance of Appellant's claim that May Youngs was denied due process when a guardian was appointed, because the claim is untimely and the record is insufficient for review. Appellant admits in her brief that she received notice of the pending guardianship. *See*, Appellant's brief on page 20. However, Appellant did not move to have the guardianship set aside until 11 months after the permanent guardianship had been established. Appellant's appeal on this issue is untimely. *See*, TEX.R.APP.P. 5, 40, 41 *and* 45.

---

1. See § 5(e) and § 5(f) of the Texas Probate Code.

Further, Appellant has failed to bring us any evidence from the hearing on the appointment of the permanent guardian. An appeal from the selection of a guardian is viewed from the record as a whole. *Ramirez v. Garcia de Bretado*, 547 S.W.2d 717 (Tex.Civ. App.—El Paso 1977, no writ). Without the evidence from the hearing below, this Court cannot determine if the trial court erred in appointing Maggie Choice as guardian. *Adams v. Sadler*, 696 S.W.2d 690 (Tex. App.—Austin 1985, writ ref'd, n.r.e.). Accordingly, we overrule Appellant's point complaining of the *appointment* of Maggie Choice as guardian.

■ Appellant also complains that the trial court erred in granting summary judgment against her in her claim for *removal* of Ms. Choice as guardian. TEX.PROB.CODE ANN. § 222 (Vernon Supp.1993), controls the removal of guardians.[2] The burden to prove grounds for removal is on the party challenging the guardianship. See, *Chapa v. Hernandez*, 587 S.W.2d 778 (Tex.Civ.App.—Corpus Christi 1979, no writ) and *Hernandez v. Borjas*, 734 S.W.2d 776 (Tex.App.—Fort Worth 1987, no writ). A defendant of a removal notice may prevail on summary judgment if he can establish as a matter of law that the he, as guardian, has not violated any of the provisions of § 222. See, *Yturri v. Yturri*, 504 S.W.2d 809 (Tex.Civ.App.—San Antonio 1973, no writ); *Novak v. Schellenberg*, 718 S.W.2d 822 (Tex.App.—Corpus Christi 1986, no writ); and *Hernandez v. Borjas*, 734 S.W.2d 776 (Tex.App.—Fort Worth 1987, no writ). In this case, requests for admissions were served upon the Appellant which, if deemed true, negated the cause of action for removal. Appellant failed to respond to the admissions, and accordingly, they were deemed admitted. *See,* TEX. R.CIV.P. 169. Deemed admissions are prop-

er summary judgment proof. TEX.R.CIV.P. 166a(c). Based upon the evidence presented, we hold that the trial court properly granted summary judgment for the Guardian.

■ Appellant contended at the trial level that because she had filed a "Motion to Dismiss," she was not required to answer any discovery until her motion had been heard and overruled. The trial court went out of its way on two separate occasions to advise Appellant that she was *required* to answer all discovery, and that if she failed to do so, she would be sanctioned. Appellant ignored the advice and direction of the court. Although Appellant proceeded pro se, "pro se litigants are held to the same standards as licensed attorneys." *Brown v. Texas Employment Commission*, 801 S.W.2d 5, 8 (Tex.App.—Houston [14th Dist.] 1990, writ denied). We cannot hold Appellant to a less stringent standard than another litigant. We overruled Appellant's first point of error.

In her second point of error, Appellant claims the trial court erred in granting a partition of the property. She asserts that the partition violates her homestead rights and is not in the best interest of the ward.

■ The Texas Probate Code § 388(f) provides that a guardian may bring suit against the joint owner of real property for partition of that property, and that the court may, if it finds necessity exists, enter an order partitioning the real estate. The prerequisites for maintaining a suit for partition of land are a common interest in the land and equal right to possession of the land. *Savel v. Savel*, 837 S.W.2d 836, 838 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Partition may be granted on summary judgment if the movant shows, as a matter of law, that there are no genuine issues of material fact to be decided. Again, requests for admis-

---

2. In an application for removal, the movant must prove that the guardian has misapplied, embezzled or removed funds or that he is about to do the same; that he has failed to return any account which he is required by law to return or that he has failed to obey a court order; that he is guilty of gross misconduct or mismanagement, is incompetent or is in the penitentiary; that he

has failed to make a final settlement within three years after the grant of his letters; or that he has cruelly treated the ward or has failed to maintain the ward as liberally as the condition of the estate permits. See, *Hernandez v. Borjas*, 734 S.W.2d 776 (Tex.App.—Fort Worth 1987, no writ).

sions were served upon the Appellant which were later deemed admitted because Appellant failed to respond. As a result, Appellant admitted that the land was jointly owned by herself and the ward, and that each party owned a ½ undivided interest. She further admitted that the land was capable of being partitioned-in-kind, and that the partition would not disturb her homestead rights. The Court specifically ordered that the partition not disturb her homestead rights, and found that the partition was in the best interest of the ward. We hold that there were no issues of material fact remaining to prevent the partition. We overrule Appellant's second point of error.

In her third and final point, Appellant complains that the trial court abused its discretion in ordering sanctions. Appellant, however, has failed to bring this Court the Order of Sanctions. To obtain reversal of the order, Appellant must bring a sufficient record which affirmatively shows that error was committed. *Adams v. Sadler*, 696 S.W.2d 690 (Tex.App.—Austin 1985, writ ref'd, n.r.e.). Appellant has failed to do so, and therefore, error, if any, has been waived. Additionally we note, that what could be gleaned from the statement of facts indicates that the trial court's sanctions were reasonable. The Court sanctioned Appellant by denying additional requests for discovery, deeming admitted the requests for admissions, and assessing attorney's fees against Appellant for the fees involved in the motion for sanctions. The trial court refused to strike Appellant's pleadings. The Court noted that the sanctions were imposed because Appellant had failed to answer any discovery after being specifically instructed that she was required to do so. *If* these are the sanctions Appellant appeals, we would find them to be reasonable in light of the history of the case. Appellant's third point of error is overruled.

By this appeal, Appellant also attempts to appeal the denial of a motion to recuse Judge Scanlan, and attempts to obtain a writ of mandamus. However, the recusal motion is not before us, and no motion for leave to file mandamus has been filed. Therefore, both requests are denied.

Accordingly, we affirm the trial court's orders.