Opinion issued February 17, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00890-CV




JOSEPH R. WILLIE II, Appellant

V.

DONOVAN & WATKINS, INC., Appellee




On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 717,126-401




MEMORANDUM OPINION

          In post-judgment proceedings, appellant, Joseph R. Willie II (Willie), appeals
the trial court’s order that denied his request to recover sanctions and attorney’s fees
from appellee, Donovan and Watkins, Inc (Donovan). In two points of error, Willie
asserts that the trial court erred by (1) failing to award attorney’s fees as sanctions
under Rule 13 of the Texas Rules of Civil Procedure and section 10.004 of the Texas
Civil Practice and Remedies Code and (2) failing to award attorney’s fees pursuant
to the Declaratory Judgment Act. We affirm the order of the trial court.
Background
          Donovan initially filed suit against Willie based on a sworn account. The trial
court


 signed a final judgment in favor of Donovan on June 5, 2000. We affirmed the
trial court’s judgment on April 11, 2002. See Willie v. Donovan & Watkins, Inc., No.
01-00-01039-CV, 2002 WL 537682 (Tex. App.—Houston [1st Dist.] Apr. 11, 2002,
no pet.). 
          On June 27, 2002, Donovan filed a motion for judgment nunc pro tunc seeking
to modify the trial court’s judgment. Donovan asserted that, because of a clerical
error in the original judgment, he was precluded from recovering $288 from Willie. 
The trial court


 signed an order granting the judgment nunc pro tunc and a “Corrected
Final Judgment.” On August 19, 2003, Willie filed a motion to declare the Corrected
Final Judgment void and requested sanctions pursuant to Rule 13 of the Texas Rules
of Civil Procedure, section 10.004 of the Civil Practice and Remedies Code, and the
Declaratory Judgment Act. See Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code
Ann. § 10.004 (Vernon 2002); Id. § 37.009 (Vernon 1997). On August 25, 2003, the
trial court granted Willie’s motion and declared the Corrected Final Judgment and
Order Granting Judgment Nunc Pro Tunc void for lack of jurisdiction, but it denied
the request for sanctions. Willie appeals from the denial of sanctions and attorney’s
fees in the trial court’s August 25 order.



          Discussion
Sanctions
          In his first point of error, Willie argues that the trial court abused its discretion
by not awarding attorney’s fees as sanctions under Rule 13 of the Texas Rules of
Civil Procedure and section 10.004 of the Texas Civil Practice and Remedies Code.          Rule 13 Sanctions
          To impose Rule 13 sanctions is within the trial court’s sound discretion. 
Gaspard v. Beadle, 36 S.W.3d 229, 239 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied). We will not set aside a sanctions order under Rule 13 unless an abuse of
discretion is shown. See id. A trial court abuses its discretion by (1) acting arbitrarily
and unreasonably, without reference to any guiding rules or principles or (2)
misapplying the law to the established facts of the case. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). Thus, we will overturn a trial
court’s discretionary ruling only when it is based on an erroneous view of the law or
a clearly erroneous assessment of the evidence. See id. Our review encompasses an
examination of the entire record. Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d
664, 666 (Tex. 1996).
          Rule 13 of the Texas Rules of Civil Procedure provides, in pertinent part:
The signatures of attorneys or parties constitute a certificate by
them that they have read the pleading, motion, or other paper; 
that to the best of their knowledge, information, and belief formed
after reasonable inquiry the instrument is not groundless and
brought in bad faith or groundless and brought for the purpose of
harassment . . . . If a pleading, motion or other paper is signed in
violation of this rule, the court, upon motion or upon its own
initiative, after notice and hearing, shall impose an appropriate
sanction available under Rule 215-2b, upon the person who
signed it, a represented party, or both.

Tex. R. Civ. P. 13. Courts shall presume that pleadings, motions, and other papers
are filed in good faith. Id. No sanctions under this rule may be imposed except for
good cause, the particulars of which must be stated in the sanction order. Id.
“Groundless” for the purposes of this rule means no basis in law or fact and not
warranted by good faith argument for the extension, modification, or reversal of
existing law. Id.
          Section 10.004
          Section 10.004 provides that the trial court may order a party to pay a sanction
for violation of section 10.001 for the amount of the reasonable expenses incurred by
the other party because of the filing of the pleading or motion, including reasonable
attorney’s fees. See Tex. Civ. Prac. & Rem. Code Ann. § 10.001-004 (Vernon
2002). Willie does not disagree that the standard of review of an order denying
sanctions under this section is abuse of discretion. See Finlay v. Cave, 77 S.W.3d
520, 524 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Skepnek v. Mynatt, 8
S.W.3d 377, 382 (Tex. App.—El Paso 1999, pet. denied).
          The appellate record does not contain a reporter’s record of the hearing
conducted on the motion for sanctions. Willie had the burden of furnishing this Court
with a record that supports his allegations of error. See Appelton v. Appleton, 76
S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2002, no pet.); see also Christiansen
v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); Budd v. Gay, 846 S.W.2d 521, 523
(Tex. App.—Houston [14th Dist.] 1993, no writ) (holding that, without a sufficient
record, the reviewing court cannot determine whether the trial court committed error
or whether error was properly preserved). Because Willie has failed to present a
record from any hearing on the motion for sanctions, we cannot determine whether
the trial court abused its discretion when it denied the request for sanctions. See
Youngs v. Choice, 868 S.W.2d 850, 853 (Tex. App.—Houston [14th Dist.] 1993, writ
denied) (holding that appellant waived any error regarding sanctions order by failing
to provide the court with a record that showed error); see also Simon v. York Crane
& Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987) (finding that appellant had the
burden of presenting a sufficient record to establish that the trial court acted outside
the zone of reasonable disagreement). We therefore hold that Willie waived any error
regarding sanctions. 
          We overrule Willie’s first point of error.
Declaratory Judgment Act
          In his second point of error, Willie argues that the trial court abused its
discretion when it failed to award him attorney’s fees pursuant to the Declaratory
Judgment Act. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009. 
          The Declaratory Judgment Act provides, “[T]he court may award costs and
reasonable and necessary attorney’s fees as are equitable and just.” Id. As we stated
in Willie’s first point of error, Willie has not provided us with a sufficient record to
address his point of error. See Carr v. Bell, 786 S.W.2d 761, 765 (Tex.
App.—Texarkana 1990, writ denied). We therefore hold that Willie waived any error
regarding attorney’s fees under the Declaratory Judgment Act. 
          We overrule Willie’s second point of error.
 
 
 
 
 
Conclusion
          We affirm the order of the trial court.
 
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.