*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00273-CV

Kenneth **BROCK**, Dependent Administrator of the
Estate of Carol Juracek Syslo Brock, Deceased,
Appellant

v.

Steve **SYSLO** and Anne Syslo Arnst,
Appellees

From the County Court at Law #1, Guadalupe County, Texas
Trial Court No. 2006-PC-0057
Honorable Linda Z. Jones, Judge Presiding

No. 04-08-00378-CV

**IN RE** Kenneth **BROCK**

Original Mandamus Proceeding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   October 8, 2008

APPEAL DISMISSED FOR LACK OF JURISDICTION; PETITION FOR WRIT OF
MANDAMUS DENIED

This is a consolidated appeal and original mandamus proceeding. Kenneth Brock, the

surviving spouse of Carol Juracek Syslo Brock and the dependent administrator of her estate, seeks

appellate and mandamus review of two probate court orders, a revised order approving inventory and an order denying an application for sale of real property. We dismiss the appeal for lack of jurisdiction and deny the petition for a writ of mandamus.

## A. FACTUAL AND PROCEDURAL BACKGROUND

In March 2004, Brock's wife, Carol, died intestate. Brock filed an application in the county court at law in Guadalupe County, asking to be appointed the administrator of Carol's estate. Brock also filed a lawsuit against Carol's children, Steve Syslo and Anne Syslo Arnst, in the 25th Judicial District Court in Guadalupe County. This lawsuit was transferred to the county court at law in Guadalupe County and consolidated with the probate proceeding.

In the lawsuit, Brock asserted claims for fraud and breach of fiduciary duty against Syslo and Arnst. Specifically, Brock claimed ownership to various properties, including a house located on Mary's Cove in New Braunfels, Texas. Brock alleged the Mary's Cove property was community property in which he and Carol's estate each owned an undivided one-half interest. Brock also alleged the Mary's Cove property was titled in Syslo's and Arnst's names, but they held the property in trust for him and the estate. Syslo and Arnst answered Brock's lawsuit, denying the allegations in his petition.

Brock was appointed the administrator of Carol's estate. As required by law, Brock filed an inventory, appraisement, and list of claims ("inventory") in the probate court. Additionally, Brock filed an application for sale of the Mary's Cove property and an application to determine heirship. Syslo and Arnst filed written responses opposing these applications and alleging the Mary's Cove property was their mother's separate property in which Brock had no ownership interest.

The inventory filed by Brock listed the Mary's Cove property as community property in which Brock and the estate each owned an undivided one-half interest. Five days after the inventory was filed, on December 18, 2007, the probate court approved the inventory. The probate court's order stated the inventory filed by Brock was "in all respects approved and ORDERED entered of record."

On February 21, 2008, more than thirty days after the probate court signed the order approving inventory, Syslo and Arnst filed a motion to reconsider the inventory. In the motion, Syslo and Arnst asked the probate court to correct and modify the inventory and to clarify that the issue of the characterization and ownership of the Mary's Cove property was reserved until trial.

On February 28, 2008, the probate court held a hearing on Syslo's and Arnst's motion to reconsider the order approving inventory and Brock's application for sale. Brock argued the probate court had no authority to modify the order approving inventory because it was a final order and the probate court's plenary power had expired. Syslo and Arnst argued the probate court had continuing authority to order the modification or amendment of the order approving inventory under Section 258 of the Texas Probate Code.[1]

---

[1] Section 258 of the Texas Probate Code provides:

Correction Required When Inventory, Appraisement, or List of Claims Erroneous or Unjust

Any person interested in an estate who deems an inventory, appraisement, or list of claims returned therein erroneous or unjust in any particular may file a complaint in writing setting forth and pointing out the alleged erroneous or unjust items, and cause the representative to be cited to appear before the court and show cause why such errors should not be corrected. If, upon the hearing of such complaint, the court be satisfied from the evidence that the inventory, appraisement, or list of claims is erroneous or unjust in any particular as alleged in the complaint, an order shall be entered specifying the erroneous or unjust items and the corrections to be made, and appointing appraisers to make a new appraisement correcting such erroneous or unjust items and requiring the return of said new appraisement within twenty days from the date of the order. The court may also, on its own motion or that of the personal representative of the estate, have a new appraisal made for the purposes above set out.

TEX. PROB. CODE ANN. § 258 (Vernon 2003).

On March 13, 2008, the probate court signed an order denying the application for sale of real property and an order entitled "Revised Order Approving Inventory, Appraisement and List of Claims." The revised order states "the Inventory, Appraisement and List of Claims filed by [] BROCK is approved and ORDERED entered of record, subject to further determination of this Court as to the characterization and ownership of the real and personal property identified in such Inventory." Brock now seeks review of these orders by way of appeal and mandamus.

### B. THE INVENTORY REQUIREMENT UNDER THE TEXAS PROBATE CODE

The Texas Probate Code requires the personal representative of an estate to file with the probate court a verified, full, and detailed inventory of all the property of such estate which has come to his possession or knowledge. TEX. PROB. CODE ANN. § 250 (Vernon 2003). In addition to setting out the fair market value of each item in the estate, the inventory must specify what portion of the property, if any, is separate property and what portion of the property, if any, is community property. *Id*. Additionally, if any property is owned in common with others, the inventory must show the interest owned by the estate, together with the names and relationship of any co-owners. *Id*.

Once the inventory is filed, the probate court must examine it, and either approve or disapprove it. *Id*. § 255. Once approved by the court, the inventory may be used as evidence in any suit by or against the representative of the estate. *Id*. § 261. However, by approving, modifying, or correcting an inventory, the probate court does not determine title to property. *Adams v. Sadler*, 696 S.W.2d 690, 691 (Tex. App.—Austin 1985, writ ref'd n.r.e.). An inventory is not conclusive of the title to the property there listed, but instead is only prima facie evidence of that fact. *Krueger v. Williams*, 359 S.W.2d 48, 50 (Tex. 1962); *Adams*, 696 S.W.2d at 691. When approved by the court, an inventory constitutes the inventory of the estate for all purposes referred to in the Texas Probate Code. TEX. PROB. CODE ANN. § 250.

## C. APPELLATE JURISDICTION

As a threshold matter, we must determine if we have jurisdiction to review the challenged orders by appeal. "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of appeals." TEX. PROB. CODE ANN. § 5(g) (Vernon 2003). The Texas Supreme Court has articulated the following test for determining finality of an order in a probate case:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). Thus, we must apply *Crowson* to determine if the challenged orders are final and appealable.

There is no express statute declaring orders approving inventories and orders denying applications for sale to be final and appealable. *See* TEX. PROB. CODE ANN. §§ 248-261 (governing the procedures for the inventory, appraisement and list of claims); *id*. §§ 341-346 (governing the procedures the sale of real estate). Thus, the test is whether the challenged orders disposed of all issues and parties raised in a particular phase of the proceeding.

Here, the challenged orders may logically be considered part of the contested proceeding involving the Mary's Cove property, and neither order finally disposes of the issues raised in this proceeding, nor ends a phase of this proceeding. In fact, by its own terms the revised order contemplates further proceedings. It states "the Inventory, Appraisement and List of Claims filed by [] BROCK is approved and ORDERED entered of record, subject to further determination of this Court as to the characterization and ownership of the real and personal property identified in such Inventory." We therefore conclude the challenged probate orders are not final and appealable and

dismiss the appeal for lack of jurisdiction. *See Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006) (holding probate court order denying a plea to the jurisdiction and refusing to remove an executor was not a final, appealable order).

### D. MANDAMUS REVIEW

Mandamus relief is available only when the relator establishes the trial court abused its discretion and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839-42 (Tex. 1992). "Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired" because such rulings are void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). If an order is void, the relator need not show he lacks an adequate appellate remedy. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000).

In his mandamus petition, Brock contends the trial court's revised order approving inventory is void because it was made after the probate court's plenary power expired. Brock's argument presumes the probate court's initial order approving inventory was a final, appealable order, and therefore, the probate court's plenary power to revise the order expired thirty days after it was signed. *See* TEX. R. CIV. P. 329b(d) (the trial court's plenary power to vacate, modify, correct, or reform a judgment expires 30 days after it is signed); TEX. R. CIV. P. 329b(f) (on the expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review).

Nevertheless, the initial order approving inventory was not final and appealable under the requirements of *Crowson*. *See* 897 S.W.2d at 783. Brock's lawsuit concerning the Mary's Cove property was unresolved when the probate court signed the order approving Brock's inventory. Because "there [was] a proceeding of which the order in question may logically be considered a part,

but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order [was] interlocutory." *See id.* "[T]he trial court [] retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered." *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *Texas Crushed Stone Co. v. Weeks*, 390 S.W.2d 846, 849 (Tex .Civ. App.—Austin 1965, writ ref'd n.r.e.). Because the probate court retained control over its order approving inventory, the revised order approving inventory is not void.[2] We conclude Brock is not entitled to a writ of mandamus directing the probate court to vacate its revised order approving inventory.

Finally, Brock contends the probate court abused its discretion by denying his application for sale of real property. To be entitled to mandamus relief, Brock must show the probate court committed a clear abuse of discretion and he has no adequate remedy by appeal. *See In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex. 2005). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Id*.

Under the Texas Probate Code, an application may be made to the probate court for an order to sell estate property when it appears necessary or advisable to (1) pay certain specified expenses or claims, or (2) dispose of any interest in real property of the estate, when it is deemed to be to the best interest of the estate. Tex. Prob. Code Ann. § 341 (Vernon 2003). When opposition is filed to an application for sale, the probate court must hold a hearing on the application. *Id*. § 345A. When

---

[2] Syslo and Arnst argue that even if the order approving inventory was a final order, the probate court was authorized to revise the order under Section 258 of the Texas Probate Code, which allows the probate court to correct erroneous or unjust items in an inventory when a party interested in an estate requests such a correction. *See* Tex. Prob. Code Ann. § 258 (Vernon 2003). This may be correct, but it is an issue we need not and do not decide.

the probate court is satisfied the sale of property is necessary or advisable, it must order the sale; otherwise, it may deny the application. *Id.* § 346.

At the hearing on the application for sale, Brock presented no evidence. Instead, Brock argued the sale of the Mary's Cove property, valued at $600,000.00, was necessary to pay past due property taxes, homeowner's association fees, and ad litem fees totaling about $6,500.00. Brock also mentioned other income-generating property belonging to the estate. In opposing the sale, Syslo and Arnst argued the past due taxes were Brock's obligation and the other fees were nominal and could be paid from other sources.

Given that the ownership of the Mary's Cove property remains in dispute and that there appears to be other assets to pay the debts, we cannot say the trial court's order denying the application for sale was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, nor was it a clear failure to correctly analyze or apply the law. We therefore conclude Brock is not entitled to a writ of mandamus directing the probate court to vacate its order denying the application for sale of real property.

## CONCLUSION

In sum, we dismiss Brock's appeal for lack of jurisdiction and deny the petition for a writ of mandamus. We also deny Brock's request for appellate attorney's fees and costs.

Karen Angelini, Justice