Dismissed and Memorandum Opinion filed September 16, 2010



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-07-00675-CV

NO. 14-08-00250-CV



 

Barbara Youngs Settle, Appellant

V.

John F. Robert, Independent
Executor of the Estate of May Youngs, Deceased, Appellee

 



On Appeal from the Probate Court
No 1

Harris County, Texas

Trial Court Cause No. 301,383-403



 

                                                                                          



NO. 14-09-00566-CV



 

Barbara Youngs Settle, Appellant

V.

John F. Robert, Independent
Executor of the Estate of May Youngs, Deceased, Appellee

 



On Appeal from the Probate Court
No 2

Harris County, Texas

Trial Court Cause No. 301,383-403



 

MEMORANDUM  OPINION

 

Appellant attempts to appeal four orders issued by
the Probate Court.  In cause number 14-07-00675-CV, appellant complains of an “Order
Clarifying Judgment Entered June 28, 2004,” which was signed July 17, 2007.  In
cause number 14-08-00250-CV, she complains of a permanent injunction signed
April 1, 2008.  In cause number 14-09-00566-CV, she complains of two orders
signed May 26, 2009, an “Order Denying Motion to Remove Independent Executor
and Abating Motion to Compel Accounting,” and an “Order Denying Emergency
Motion to Strike Request for Sanctions and Motion to Withdraw Injunction and
Award Defendant Statutory Sanction Pursuant to CPRC 65.”  Because we lack
jurisdiction over appellant’s appeals, we dismiss the appeals for want of
jurisdiction.

Background

In 1966, appellant and her mother, May T. Youngs,
jointly purchased a home located at 22 S. Wynden Drive in Houston, Texas (the
“Property”).  In November, 1988, due to Youngs’ failing health, appellant’s
daughter, Maggie Choice, was appointed permanent guardian of Youngs’ estate. 
Among the assets of the estate was the Property.  On August 11, 1989, Choice
sued appellant for, among other things, partition of the Property.  The trial
court determined that the Property was not subject to partition in kind.  That
decision was appealed and this court affirmed the trial court’s judgment on
November 10, 1993.  Youngs v. Choice, 868 S.W.2d 850 (Tex. App.—Houston
[14th Dist.] 1993, writ denied).  

Under Youngs’ will, her undivided one-half interest
in the Property was devised to appellant’s five children.  On June 28, 2004,
the probate court signed an order finding the Property was not susceptible to
partition in kind and ordering appellee, the independent executor, to sell the Property,
and to return the proceeds to the court to be partitioned among appellant and
her children.  In 2007, appellee negotiated a sale for $2.55 million, but appellant,
who was living on the Property at the time, rejected the sale and refused to
vacate the Property.  Appellee sought an order from the probate court
clarifying his authority to sell the house.  On July 17, 2007, the probate
court signed an “Order Clarifying Judgment Entered June 28, 2004,” which
appellant appealed in cause number 14-07-675-CV.  Because of the pending
appeals and appellant’s refusal to vacate the property, the title company
refused to insure the title until the executor obtained a permanent injunction
against appellant enjoining her from filing any claims, suits, or lis pendens
against appellee, the title company, or the buyer.  The permanent injunction
was entered April 1, 2008, and has been appealed by appellant in cause number
14-08-00250-CV.

In appellate cause number 14-09-00566-CV, appellant
attempts to appeal two orders: (1) an order denying her motion to strike a
request for sanctions and a motion to withdraw injunction, and (2) an order
denying her motion to remove the independent executor and abating the motion to
compel accounting.  

Interlocutory
Orders

Generally, appeals may be taken only from final
judgments.  Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex.
2001).  Whether the appellate court has jurisdiction over this interlocutory
appeal depends on several factors.  Probate proceedings give rise to a
recognized exception to the general rule that only final judgments are
appealable because multiple judgments may be rendered on discrete issues before
the entire probate proceeding is concluded.  See Brittingham-Sada de Ayala,
193 S.W.3d 575, 578 (Tex. 2006).  However, not all probate orders are
appealable.  Id.  Determining whether sufficient attributes of finality exist
to confer appellate jurisdiction over an order arising from a probate
proceeding depends on whether the order resulted from the adjudication of a
substantial right or disposed of all issues in a particular phase of the
proceeding.  Id.  The supreme court has adopted the following standard
to determine whether an order in a probate matter is appealable:

If there is an express statute, such as the one for the
complete heirship judgment, declaring the phase of the probate proceedings to
be final and appealable, that statute controls.  Otherwise, if there is a proceeding
of which the order in question may logically be considered a part, but one or
more pleadings also part of that proceeding raise issues or parties not
disposed of, then the probate order is interlocutory.

Crowson v. Wakeham,
897 S.W.2d 779, 783 (Tex. 1995).

Cause number
14-07-00675-CV

In cause number 14-07-00675-CV, appellant attempts to
appeal an order clarifying the judgment entered June 28, 2004.  There is no
relevant rule or statute that makes an order clarifying a previous order
appealable.  Further, the order does not dispose of all parties to the
underlying suit.  The proceeding of which this order may logically be
considered a part contains pleadings that raise issues not disposed of by the
order. Accordingly, the order clarifying the previous judgment is not a final,
appealable order.  See Tex. Prob. Code Ann. § 5(g) (Vernon 2003) (“All
final orders of any court exercising original probate jurisdiction shall be
appealable to the courts of appeals.”). Crowson v. Wakeham, 897 S.W.2d at
783.[1] 


Cause number
14-09-00566-CV

In this case, there is no relevant rule or statute
that makes an order denying an emergency motion to strike request for sanctions
and motion to withdraw injunction appealable, nor is there a rule or statute
that makes an order denying a motion to remove independent executor appealable.
 Further, the orders in cause number 14-09-00566-CV do not dispose of all
parties to the underlying suit. The proceeding of which this order may
logically be considered a part contains pleadings that raise issues not
disposed of by the order.  Accordingly, these orders are interlocutory, and not
appealable. See Tex. Prop. Code Ann. 5(g); DeAyala v. Mackie, 193
S.W.3d 575, 579 (Tex. 2006) (order on motion to remove executor is not final,
appealable order.); Crowson v. Wakeham, 897 S.W.2d at 783.

Permanent
Injunction

In cause number 14-08-00250-CV, the trial court
entered a permanent injunction enjoining appellant from “filing any claims,
suits, or lis pendens against the Executor, the title company, and the buyer
regarding the status of the title to or interfering with the Court ordered sale
of the Property.”  On March 26, 2010, the property was sold.

A case becomes moot when there ceases to be an actual
controversy between the parties.  In re Kellogg Brown & Root, Inc.,
166 S.W.3d 732, 737 (Tex. 2005).  Deciding the merits of a moot case is to
render an advisory opinion.  Speer v. Presbyterian Children’s Home &
Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993).  Under the separation of
powers doctrine, we have no authority to issue advisory opinions. Tex. Const.
art. II, § 1; Brooks v. Northglen Ass’n, 141 S .W.3d 158, 164 (Tex. 2004). 


With respect to the permanent injunction, when
appellee sold the property, there ceased to be a live controversy between the
parties.  Therefore, the appeal of the permanent injunction is moot.  See
Tieken v. Midwestern St. Univ., 912 S.W.2d 878, 887 (Tex. App.—Fort Worth
1995, no writ) (“Where there has ceased to be a controversy between the
litigating parties due to events occurring after judgment has been rendered by
the trial court, the decision of an appellate court would be a mere academic
exercise and the court may not decide the appeal.”).  This court has no
jurisdiction.

Accordingly, we dismiss appellant’s appeals.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.









[1]
Texas Probate Code section 5(g) has been recodified, effective January 1, 2014,
as section 32.001 of the Texas Estate Code.